BUFFALO ELECTRIC Co., INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 32217.)

Fourth Department, January 17, 1963.

*Warner F. Thompson* and *William E. Miller* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Harold J. Hughes, Jr.,* and *Paxton Blair* of counsel), for respondent.

*Per Curiam.* This case is before us for a second time. Originally, the claim had been dismissed by the Court of Claims upon the ground that the claim was barred as a matter of law by virtue of the claimant's having accepted a check in payment of the undisputed contract balance, in view of the provision of the contract that " The acceptance by the Contractor of the last payment on this contract as hereinbefore provided, shall be and shall operate as a release to the State of New York " (4 Misc 2d 172, 174). Upon appeal, this court reversed and remitted the case to the Court of Claims to make findings of fact on the question of whether the check was intended and understood " to be a ' last payment ' in full of all claims ", within the meaning of the contract provision (9 A D 2d 372, 374). Instead of making clear-cut findings of fact on this question, the Court of Claims indicated its disagreement with the reasoning of this court and again dismissed the claim (27 Misc 2d 527).

In these circumstances, we are constrained to reverse the judgment of the Court of Claims and to make a final disposition of the issue of release upon the basis of our own findings of fact.

We find that it is impossible upon the present record to determine what the intention of the State was, with respect to the check which it sent to the claimant. The check was in the exact amount of the unpaid contract balance which was concededly due and owing to the claimant. The check bore no notation of any kind. There was no covering letter. The State had been advised by letter from the claimant that the claimant intended to make a claim for damages or additional costs caused by the State's delay and interference with the work. Under the circumstances, the check may have been tendered by the State on either of two bases: (1) it may have been intended as a payment of the undisputed contract balance, to discharge its conceded obligation to pay that amount and to avoid the running of interest thereon (cf. *Wood* v. *State,* 12 N Y 2d 25; *Bianchi & Co.* v. *State of New York,* 27 Misc 2d 524), leaving the claim for

damages or additional costs for subsequent negotiation or litigation; (2) the check may have been intended to constitute a technical "last payment" within the meaning of the release provision of the contract, in full of all claims, including the damage claim which was then the subject of the negotiation between the claimant and the State. It is conceded that the claimant could have obtained immediate payment of the undisputed balance, without releasing its additional claim, merely by filing a claim therefor in the Court of Claims and moving for judgment, or by moving for severance and partial judgment, if it filed a joint claim both for the contract balance and the additional damages (*Rusciano & Son Corp.* v. *State of New York,* 201 Misc. 690, affd. 281 App. Div. 733). In this anomalous situation, if the State wished to invoke the release provision, and to tender payment of the contract balance to the claimant only upon condition that it be accepted as a "last payment", it was the State's duty to give explicit notice to the claimant, either by a notation on the check or by a covering letter, that the check was tendered on that basis, that is, as a "last payment" in full of all claims (cf. *Hudson* v. *Yonkers Fruit Co.,* 258 N. Y. 168, 174). In the absence of such explicit notice, the recipient of the check had the right to assume that it was tendered merely to discharge the State's obligation to pay the undisputed contract balance. The claimant accepted the check on that assumption and to make its understanding and intention crystal clear, it indorsed upon the check the notation that the check was "accepted without waiver of rights to proceed against the State of New York to recover for additional costs, as stated in our letter of June 19th to Mr. C. J. White, State Architect". We therefore find that the claimant did not intend to accept the check as a "last payment" within the meaning of the release provision of the contract and that, under the circumstances, it had the right to accept the check upon the assumption that the State did not intend the check to constitute such a "last payment". The acceptance of the check was therefore not a bar to the assertion of the present claim for damages or additional costs (*Fredburn Constr. Corp.* v. *City of New York,* 280 N. Y. 402; *Pearlman* v. *State of New York,* 18 Misc 2d 494, 500).

Even if we assume *arguendo* that the acceptance of the check operated as a release of all claims, despite the absence of notice by the State that the check was so tendered, the claimant's right to maintain its present claim may be sustained upon the theory of rescission. Upon the assumption here made, the claimant accepted the check under a mistake as to its nature and purpose. The State was aware of this mistake both because of the corre-

spondence theretofore carried on between it and the claimant and because of the notation indorsed on the check by the claimant. Nevertheless, the State did not take any steps to call the claimant's attention to its mistake. In this situation, the claimant was entitled to rescind the transaction upon discovery of the mistake. " Even if it is assumed that the mistake was a unilateral mistake on the claimant's part * * * the fact remains that the mistake was known to the State's agents, and the claimant therefore had the right to rescind the settlement agreement upon discovery of the mistake * * * It is universally recognized that there is a right of rescission for a unilateral mistake if the mistake was known to the other party at the time of the negotiating of the contract [or release] and was not corrected by it (*Bank* v. *Board of Educ. of City of N. Y.*, 305 N. Y. 119; *City of New York* v. *Dowd Lbr. Co.*, 140 App. Div. 358; 5 Williston, Contracts [Rev. ed.], §§ 1557, 1573; Restatement, Contracts, § 471, subd. [c]; § 472, subd. [1], par. [b]; New York Law of Contracts, § 83) " (*Sheridan Drive-In* v. *State of New York,* 16 A D 2d 400, 405). " A mistake not mutual but only on one side may be ground for rescinding but not for reforming a contract." (*Rosenblum* v. *Manufacturers Trust Co.*, 270 N. Y. 79, 85; see, also, *Batto* v. *Westmoreland Realty Co.,* 231 App. Div. 103.) It is immaterial whether the mistake is characterized as one of law or of fact (Civ. Prac. Act, § 112-f).

Under section 112-g of the Civil Practice Act, it was not necessary for the claimant to tender the return of the money received as a condition of rescission; the court is authorized by that section to take account in its final judgment of the moneys theretofore received and to make an appropriate adjustment therefor. No adjustment is necessary in this case because, as has been indicated, the amount paid was concededly due and owing to the claimant and, if the court were in one paragraph of its judgment to direct the claimant to refund to the State the amount it had received, it would be required in the next paragraph to direct the payment of the same amount by the State to the claimant, under the judgment or severance procedure long recognized and accepted by the State; one provision would cancel out the other. The rescission may therefore be regarded as complete, without any provision for adjustment or refund of the moneys received. The release relied upon by the State, if one ever became effective, may therefore be regarded as having been nullified by rescission.

The judgment of the Court of Claims should therefore be reversed and the case remitted to the Court of Claims to pass

upon the merits of the claimant's claim for damages or additional costs.

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and McCLUSKY, JJ., concur.

Judgment unanimously reversed on the law and facts, without costs of this appeal to either party and case remitted to the Court of Claims to pass upon the merits of the claim for additional costs or damages. Certain findings of fact disapproved and reversed and new findings made.