Bergan, J.
The constitutional validity is tested by this appeal of the new Civil Practice Law and Rules provision which, treating of appeals to the Court of Appeals as of right, enlarges the definition of the kind of decision of an Appellate Division which ‘ ‘ finally determines ’ ’ an action or proceeding.
*456 The Constitution (N. Y. Const., art. VI, § 3, subd. b, par. [1]) authorizes an appeal here as of right ‘ ‘ from a judgment or order entered upon the decision of an appellate division * * * which finally determines an action or special proceeding ” and which reverses the decision of the court of original instance; or where there is a dissent; or where a constitutional question is involved.
The Civil Practice Law and Rules provision (§ 5601, subd. [d]) implementing the Constitution authorizes an appeal to the Court of Appeals as of right ‘ ‘ from a final judgment entered in a court of original instance or from a final determination of an administrative agency, or from an order of the appellate division which finally determines an appeal from such a judgment or determination ’ ’ where the Appellate Division ‘ ‘ has made an order on a prior appeal in the action which necessarily affects the judgment or determination ’ ’. Such a ‘ ‘ prior order ’ ’ of the Appellate Division must itself have been one of reversal, or have been with dissent, or have involved a constitutional question.
The provisions of the former Civil Practice Act (§ 588, subd. 2; § 590) covering the same subject were rather narrower in scope. The controlling section (590) provided, so far as material to the question before us, that an appeal could be taken to the Court of Appeals from ‘ ‘ a final judgment or order ’ ’ entered in “ the court of original instance ” after the Appellate Division “ has directed the entry of an interlocutory order ”. Both section 590 of the former Civil Practice Act and the present statute, but in a different article (art. 55, § 5501, subd. [b]), limit the scope of this type of appeal to a review of the prior determination of the Appellate Division.
The appeal now before us would thus not have come literally within the scope of section 590 of the former Civil Practice Act, and the case points up rather well the difference between the present and the former practice. There was a provision in the claimant’s contract with the State that “ The acceptance by the Contractor of the last payment on this contract as hereinbefore provided, shall be and shall operate as a release to the State of New York * * * from all claim and liability * * * relating to or affecting the work”. There was no notation on the face of the check indicating that it was intended *457 to be a payment in full of all claims. The indorsement by the claimant was with a reservation to proceed against the State.
After a trial in the Court of Claims that court dismissed the claim on the ground that by the acceptance of the final payment the claimant had waived and released further claim against the State for breach of contract (4 Misc 2d 172). This judgment was reversed by the Appellate Division on the law and remitted to the Court of Claims for further proceedings in accordance with the opinion of the court (9 A D 2d 372).
On the second trial the Court of Claims again dismissed the claim (27 Misc 2d 527) and the Appellate Division again reversed, this time ‘ ‘ on the law and facts ’ ’, and, holding the defense of release insufficient, remitted the claim to the Court of Claims “ to pass upon the merits of the claim for additional damages or costs ” (17 AD 2d 523).
Upon this remission the Court of Claims once again tried the case, limiting itself to the question of whether there was a breach of contract, and, if there were, whether it entitled claimant to damages, and on these issues, finding for the claimant, it made an award of $54,334.48 and judgment was entered accordingly. From this final judgment of the Court of Claims the State appeals directly here and the notice of appeal specifies for review the two intermediate orders of the Appellate Division as well as ‘ ‘ each and every part ’ ’ of the final judgment.
The State limits itself in its brief and on argument, however, to a review of the prior orders of the Appellate Division, and although its notice of appeal is in terms addressed to the whole of the final judgment of the Court of Claims which includes the questions of breach of contract for which damages are claimed, and the damages themselves, appellant does not ask review of those questions nor would there be jurisdiction to review them. If the notice of appeal is otherwise sufficient to give jurisdiction, its excessive demands in this respect would not invalidate it.
It will at once be observed that the appeal meets literally the prescription of Civil Practice Law and Rules (§ 5601, subd. [d]). The two orders of the Appellate Division, each one a decision of reversal and each made “on a prior appeal in the action ”, are such that they “ necessarily affect ” the final judgment.
The defense of release, if decided correctly in the first place by the Court of Claims, would have resulted in a final judgment *458 for the State. The elimination of that defense by the Appellate Division’s decision vitally influenced the entry of the final judgment, which went the other way, for the claimant.
What is of greater procedural importance is that, if the prior orders of the Appellate Division are reversed, the final judgment for claimant will fall, for the claim would in turn be dismissed. It is readily to be noted of those orders that they “ necessarily affect ” the final judgment.
Under the procedure prescribed by former section 590 it would almost certainly have been said that the prior orders of the Appellate Division were not ‘ ‘ interlocutory ’ ’ orders in the sense in which that term was used historically, or even as it had been modified somewhat in modern practice Guaranty Trust Co. v. State of New York, 299 N. Y. 295). A defense which the Court of Claims had regarded as complete was there held insufficient by the Appellate Division, but the main issues in the litigation (a) whether there was a breach of contract by the State and (b) if there were, whether there was resulting-damage to the claimant, were not decided by the Appellate Division.
Certainly the definitive conditions laid down by Miller, J., in Cambridge Val. Nat. Bank v. Lynch (76 N. Y. 514, 516), to make out an interlocutory judgment that it be “ an intermediate or incomplete judgment, where the rights of the parties are settled but something- remains to be done ”, were not met here. Although the literal presence of an “ interlocutory ” order was not always insisted upon, a course of procedure closely resembling it was required in which the litigation was essentially determined by the prior decision. A fairly good example of the kind of appeal that would be taken under the former practice is Albright v. Jefferson County Nat. Bank (292 N. Y. 31, 38).
The records of this court indicate that the appeal in Brown v. Manshul Realty Corp. (298 N. Y. 654), which involved a preliminary trial as to a release, was not dismissed only because the court treated the earlier decision of the Appellate Division as passing on a motion for a new trial, and without this the motion to dismiss would have been granted.
Although the decisions in this area are not always clear-cut, it is useful to examine as examples Matter of Battaglia v. Morton (298 N. Y. 868); Kennedy v. Lownes (229 N. Y. 5631) *459 Matter of New York Cent. R. R. Co. v. Limburg (286 N. Y. 605); Mannaberg v. Culbertson (291 N. Y. 728); Guaranty Trust Co. v. State of New York (supra). See, also, Cohen and Karger, Powers of the New York Court of Appeals (rev. ed., §§ 72-74, pp. 313-326) who note that when the Appellate Division “ disposes of some of the issues in the case and directs further proceedings as to other issues ” it is doubtful “ whether such a decision can be deemed an interlocutory determination within section 590, where the issues left open themselves are independently decisive of the substantive rights of the parties ” (p. 318).
It was the express purpose of the draftsmen of Civil Practice Law and Rules (§ 5601, subd. [d]) to broaden out the kinds of appeal which could be taken from final judgments and orders affected by earlier decisions of the Appellate Division and to eliminate the procedural uncertainties as well as the limitations implicit in the term ‘ ‘ interlocutory ’ ’.
The notes of the Advisory Committee on Practice and Procedure of the Temporary Commission on the Courts in its Second Preliminary Report (N. Y. Legis. Doc., 1958, No. 13, p. 105) dealing with the proposed new section state that “It extends the scope of those statutes [Civ. Prac. Act, § 588, subd. 2; § 590] presently limited to interlocutory orders and orders denying a new trial, to include all non-final determinations of the Appellate Division that necessarily affect the final order or judgment.”
The report adds that “ No reason for the present limitation to interlocutory orders is perceived ” and it notes (p. 107) that the decisive language of the new provision that appeals may be taken from final decisions where the prior order of the Appellate Division ‘ ‘ necessarily affects ’ ’ the final decision is language with which the Court of Appeals “is familiar” in dealing with section 580 of the former Civil Practice Act, now Civil Practice Law and Rules (§ 5501, subd. [a], par. 1).
This former Civil Practice Act provision and its present successor deal generally with the scope of review of prior orders including intermediate ones on an appeal from a final judgment or order. The Civil Practice Act provision was that such an appeal ‘ ‘ brings up for review ’ ’ an interlocutory judgment or an intermediate order ‘ ‘ which * * * necessarily affects the final judgment or order ”.
*460 This provision was broadly construed and, if an appeal had been properly here from an order of the Appellate Division affirming the final judgment of the Court of Claims in the present case, it would certainly have brought up the prior intermediate orders of the Appellate Division dealing with the defense of release as having necessarily affected the final judgment (Fox v. Matthiessen, 155 N. Y. 177).
In reviewing a number of cases which have dealt with this question Cohen and Karger summarize the application of that language this way: “ Concisely, the attitude is that an intermediate order is within section 580 if the result of reversing that order would be, inevitably and mechanically, to require a reversal or modification of the final determination ” (Cohen and Karger, op. cit., p. 340; see, generally, § 79, pp. 339-346).
The appeal thus comes within the new statute; but the question is whether the statute spreads the jurisdiction of the court beyond its constitutional boundary. The constitutional standard for an appeal as of right (given the other conditions of reversal, dissent or a constitutional question) is, as it has been noted, that it be from an order or judgment “ entered upon the decision of an appellate division ” which “ finally determines ” an action (art. VI, § 3, subd. b, par. [1]).
We are not looking at the language for the first time, or at a statute which for the first time is implementing it. A good deal of procedural history has transpired since the text first became part of the Constitution; and appeals have been found admissible under statutes relating to it which on a literal reading of the constitutional words would have been difficult to bring within its terms.
The Constitution says nothing, for example, about treating a prior interlocutory judgment of the Appellate Division as the decision which finally determines the action; but the validity of the statutes which had transmuted the prior interlocutory order into the final order or judgment to be regarded as having been entered on the earlier Appellate Division decision has been consistently upheld.
This pragmatic statutory implementation of somewhat bare language of the Constitution has served a useful purpose to the practice. Often the basic legal controversy in a case arises on the earlier appeal to the Appellate Division, and this is where *461 the reversal, the modification or the dissent, the basic conditions which invoke the jurisdiction of this court, occur. There is an interesting and parallel discussion by Culleen, Ch. J., in McNamara v. Goldan (194 N. Y. 315, 319-320).
With the main problem in the case settled by the Appellate Division, the court of original instance would as a matter of course follow the Appellate Division’s directions in framing the final judgment and the Appellate Division would usually and consistently affirm such a final judgment. There would normally then be a tendency to unanimity since, even if there had been an earlier dissent, the entire court could well regard itself to be bound by the earlier decision.
Without some procedural implementation there would be in this situation no appeal as of right from the final judgment, although there were demonstrated basic differences on questions of law within the Supreme Court in making a decision which controlled or vitally affected the cast of the final judgment. Only by treating such final judgment as one “ entered upon ’ ’ the earlier decision of the Appellate Division could the appeal come here as a matter of right.
This was successfully enough achieved by the former statute; we think it is sufficiently achieved by the Civil Practice Law and Rules for the type of case now before us to meet the constitutional test. The earlier decisions of the Appellate Division eliminating the defense of release had a vital influence on the final judgment as entered. If the earlier decisions were wrong, the final judgment would fall; if they were right, the State as appellant does not quarrel with the final judgment as entered in the Court of Claims.
There is, therefore, in a case of this kind, as there was in the cases involving interlocutory decisions, a sufficient nexus between the Appellate Division orders and the final judgment to treat them for the purpose of appeal as a procedural entity.
This connecting link is strengthened somewhat by the requirement of the statute that in prosecuting an appeal of this kind ‘ ‘ only ’ ’ the prior order of the Appellate Division ‘ ‘ shall be reviewed” (CPLR, § 5501, subd. [b]). The limitation in the area of appeal to the earlier order makes it more readily to be said for this purpose that that order and the final judgment are merged, since the additional matter leading to the final *462 judgment is left out of consideration. Thus in cutting down the area of the appeal, the- Legislature more closely tied in the earlier decision to the final judgment.
In discussing the similar limitations imposed by section 590 of the Civil Practice Act, but in a somewhat different context, Judge Lehman in Gambold v. MacLean (254 N. Y. 357, 359-360) remarked of this connecting link: “Though the Constitution does not, in terms, permit an appeal direct to this court from a judgment of a court of first instance except as provided in article VI, section 7, subdivision 3, since upon an appeal to this court taken in accordance with section 590 of the Civil Practice Act, this court may review only the determination of the Appellate Division, we have regarded the appeal as one taken from such a determination.”
The merits of the case are controlled by Brandt Corp. v. City of New York (14 N Y 2d 217 [1964]) which under closely similar conditions held the acceptance of final payment constituted a release. The language in the two contracts is almost identical. Here, as we have noted, the contract between the claimant and the State provided that “ acceptance by the Contractor of the last payment” on the contract “shall be and shall operate as a release to the State ” from all liability “ relating to or affecting the work ”. In Brandt the “ acceptance by the Contractor * * * of the final payment ’ ’ was given the same consequence (p. 219, n. 1).
In the present case claimant in requesting final payment advised the State Architect by letter that extra costs had been incurred because of the State’s action; and in indorsing the check which was received as the last payment claimant stated it was not waiving its right to recover “ additional costs ”. In Brandt the plaintiff had some months before final payment submitted to the Transit Authority, through which the city made its contract with plaintiff, a general release which expressly reserved its right to additional claim.
Besides this, the resolution of the Transit Authority which accepted the plaintiff’s work resolved further that the “ attention of the Comptroller of the City of New York be drawn to ” plaintiff’s claim. There was no reservation in the indorsement of the check itself which contained the legend “ final payment ”.
*463 These differences do not distinguish the cases. Both contractors gave notice they would seek additional amounts beyond the final payment but both took the final payment. There was a more specific recognition of this by the public authority in the city case than in the present one; but the consequence of a release was imposed entirely by virtue of the acceptance of the payment. The reservation in claimant’s indorsement of the check constituting the last payment did not alter the legal status of that payment under the terms of the contract.
This court in Brandt was explicit in restating the principle on abundant authority that the validity of a clause in city and State contracts providing that acceptance of final payment by a contractor constitute a release have been “ consistently upheld” (pp. 219-220). The decision in Fredburn, Constr. Corp. v. City of New York (280 N. Y. 402), on which the Appellate Division in the case before us heavily relied, was delimited in Brandt largely to its special facts.
The judgment should be reversed and the claim dismissed, with costs in this court and in the Appellate Division.
Judges Dye, Fuld, Van Voorhis, Burke and Scileppi concur with Judge Bergan; Chief Judge Desmond dissents and votes to affirm in the following memorandum: I concur in so much of Judge Bergan’s opinion as construes CPLR, section 5601, subdivision (d). However, on the merits I disagree. The Appellate Division was correct, as it seems to me, when it held that the particular circumstances here made it a question of fact as to the intent of the parties, and the Appellate Division correctly decided that question of fact against the State. (Fredburn Constr. Corp. v. City of New York, 280 N. Y. 402.)
Judgment reversed, etc.