OPINION OF THE COURT

Per Curiam.

Consistent with past practice and explicit statutory prescription, we hold that a final judgment or order which is appealable by virtue of CPLR 5601 (subd [d]) brings up for review only the prior nonfinal order of the Appellate Division which is the predicate for the appeal (CPLR 5501, subd [b]; Matter of Farber v U. S. Trucking Corp., 26 NY2d 44, 55; Buffalo Elec. Co. v State of New York, 14 NY2d 453). The final judgment entered in a court of original instance or an order of the Appellate Division which finally determines an appeal from such a judgment is not itself reviewable on such an appeal, unless that order or judgment, viewed separately, is appeal-able as of right under CPLR 5601 or by leave under CPLR 5602 (CPLR 5501, subd [b]).
The present litigation has followed a long and circuitous path. In 1965, plaintiff commenced this action, claiming that defendants appropriated his literary character, "Amos Burke”, and seeking punitive and compensatory damages. A trial was held in 1972, at which the Trial Judge dismissed the punitive damage claim and ruled that plaintiff was entitled to recover the profits derived from defendants’ use of the Burke character. However, the court refused to admit into evidence plaintiff’s expert testimony as to the market value of the literary property. The parties stipulated to the amount of profits, and both plaintiff and defendant took their first appeals.
Finding that the trial court had applied an improper measure of damages, the Appellate Division modified on the law and facts, and remitted for a new trial on the damage issue (hereinafter "the first Appellate Division order” [see 47 AD2d 728]). In addition, the court held that expert testimony could be introduced to establish the value of the misappropriated property.
At the second trial which followed in 1976, the court again *585 dismissed the punitive damage claim, but submitted the issue of compensatory damages to a jury. A verdict was returned against defendants in the amount of $745,000. An amended judgment was entered thereon, and cross appeals ensued.
On this second appeal, the Appellate Division modified by ordering a new trial, unless plaintiff stipulated to a reduction of the verdict (hereinafter "the second Appellate Division order” [see 58 AD2d 533]). Plaintiff so stipulated in June, 1977 and a judgment for the reduced amount, $100,000, was entered in Supreme Court. Defendants duly filed notices of appeal to this court. As indicated by their briefs, they now seek a review of both the first and second Appellate Division orders.
Whatever the merits of defendants’ arguments, they are for the most part beyond our review. For although the final judgment of Supreme Court entered in June, 1977 is appeal-able to this court, only the first order of the Appellate Division is reviewable. Since defendants’ major contentions are addressed to matters disposed of by the second Appellate Division order, they may not be passed upon by this court.
Critical to our determination is the distinction between appealability and reviewability (see, generally, Cohen and Karger, Powers of the New York Court of Appeals, § 107, p 447). Without doubt, an appeal as of right lies from the final judgment of Supreme Court. But that judgment is not appeal-able in its own right. Rather, it becomes appealable by virtue of CPLR 5601 (subd [d]), under which an aggrieved party may appeal to the Court of Appeals "from a final judgment entered in a court of original instance * * * where the appellate division has made an order on a prior appeal in the action which necessarily affects the judgment * * * and which satisfies the requirements of subdivision (a) [of section 5601] * * * except that of finality” (CPLR 5601, subd [d]). Since the first order of the Appellate Division effected a substantial modification by which defendants were aggrieved, it satisfies the requirements of CPLR 5601 (subd [a]). As a result, the final judgment entered following the second appeal to the Appellate Division is appealable to this court (CPLR 5601, subd [d]).[1]
*586 This is not to say, however, that we may review every question of law which has arisen in the course of the action. To the contrary, our review power on a CPLR 5601 (subd [d]) appeal is narrowly circumscribed and reaches only the prior "non-final determination of the appellate division” upon which the appeal is predicated (CPLR 5501, subd [b]; Matter of Farber v U. S. Trucking Corp., 26 NY2d 44, 55, supra; Matter of Town of Hempstead v Little, 22 NY2d 432, 436; see, also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5601:6, p 499). In the present case, it is the first order of the Appellate Division which serves as the underlying basis for the CPLR 5601 (subd [d]) appeal, and hence that order alone which is reviewable. That defendants now request review of the second order does not give us license to ignore the established limits of our power. Neither does it divest us of power to dispose of that which is properly before us (Buffalo Elec. Co. v State of New York, 14 NY2d 453, 457, supra).[2]
On the merits, defendants make a number of allegations of error with respect to the first Appellate Division order. We have reviewed those contentions and conclude that the order should be affirmed, for the reasons stated in the memorandum at the Appellate Division (47 AD2d 728).
Accordingly, the judgment appealed from should be affirmed, with costs.

. Defendants argue that this court has jurisdiction as to the first and second orders of the Appellate Division pursuant to CPLR 5601 (subd [a], par [iii]). However, both orders are nonfinal and therefore not appealable under CPLR 5601 (subd [a]). Moreover, appellants were not aggrieved by the modification effected in the second order, and could not appeal that order even if it were viewed as final.

. We note that defendants’ motions for leave to appeal, made at oral argument, are untimely (CPLR 5513, subd [b]), and therefore dismiss them. Contrary to the suggestion in the dissenting opinion, the motions are not rendered timely by CPLR 5514 (subd [a]). That provision would apply only if we were to dismiss the appeal. Since the appeal is properly here, we see no reason to dismiss it.