JOHN GRACE CO., INC., Respondent, v STATE UNIVERSITY CONSTRUCTION FUND, Appellant.

A. D. HERMAN CONSTRUCTION CO., INC., Respondent, v STATE UNIVERSITY CONSTRUCTION FUND, Appellant.

Third Department, December 30, 1976

*Jay R. Handwerger* for appellant.

*Goetz & Fitzpatrick, P. C. (William B. Flynn* and *Peter Goetz* of counsel), for respondents.

LARKIN, J. The defendant in both of these actions is the State University Construction Fund, which, pursuant to statutory authority, entered into lump-sum contracts with each plaintiff herein for construction of certain buildings for the State University of New York (Education Law, §§ 371, 372). Subsequent to the making of those contracts the Legislature enacted chapters 944 and 945 of the Laws of New York of 1974, which provide in pertinent part: "Whenever the terms and conditions of a construction contract awarded by the state of New York based upon a bid submitted prior to December thirty-first, nineteen hundred seventy-three requires a contractor to furnish materials containing petroleum derivatives of any kind or steel products and said bid was based on material prices existing prior to December thirty-first, nineteen hundred seventy-three, line items in such contract pertaining to such materials may be adjusted upon a determination made by the officer of the department, board or agency that awarded such contract that there has been an increase in the cost of acquisition by the contractor, subcontractor or materialman of such materials or components thereof in excess of fifteen percent, determined as of the time of the award." (L 1974, ch 945.)

The applications of both plaintiffs for adjustments were rejected by defendant. Each plaintiff commenced an action for certain alternative relief. The defendant moved to dismiss the complaints on the grounds that the plaintiffs failed to state a cause of action and that its defense was based on documentary evidence (CPLR 3211, subd [a], pars 1 and 7). On this appeal, as at Special Term, defendant raises three defenses: (1) that it is not an agency of the State within the meaning of chapters 944 and 945 of the Laws of 1974; (2) the aforesaid chapter laws do not apply to construction contracts under a lump-sum agreement; and (3) that the aforesaid chapters are merely permissive and not mandatory in nature. Special Term determined that defendant is an agency of the State of New York, that said chapters apply to lump-sum agreements and that they are mandatory in their directions to the agency. We agree.

The construction fund is by statutory definition a corporate governmental agency constituting a public benefit corporation (Education Law, § 371, subd 1). A State agency includes any

officer, department, board, commission, bureau or division, public benefit corporation, agency or instrumentality of the State (Education Law, § 370, subd 10). Special Term noted, and we concur, that the construction fund itself appears to have implicitly conceded the applicability of these chapters when it wrote to the Governor strongly urging that the bills before him for approval or disapproval be vetoed (Legislative Bill Jackets, L 1974, chs 944, 945). We hold that the defendant is an agency of the State so as to be governed by the mandates of chapters 944 and 945 of the Laws of 1974.

The reliance by the defendant on *Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.* (5 NY2d 420) is misplaced. In that case, the Court of Appeals held that "public corporations are independent and autonomous * * * with a freedom and flexibility not permitted to an ordinary State board, department or commission" *(id.,* p 423). The question in *Matter of Plumbing (supra)* was whether the New York State Thruway Authority was a "board" or "department" within the meaning of section 135 of the State Finance Law and although the Court of Appeals held that it was not, in an earlier case the court held that the Thruway Authority was an "agency" of the State *(Easley v New York State Thruway Auth.,* 1 NY2d 374). In any event, the fact that the Thruway Authority did not come within the parameter of section 135 of the State Finance Law is not dispositive of the instant question.

Defendant's argument that chapters 944 and 945 are applicable only to line items and unit item construction contracts must fail in view of the broadly stated declaration of legislative intent that it is in the best interest of the State to provide equitable relief to those contractors. who "having been awarded public contracts, have sustained damage by reason of such energy crisis" (L 1974, ch 944, § 1).

Defendant argues that chapters 944 and 945 merely authorize contract adjustments and do not mandate the use of this authorization. While the statute does use the word "may", it is clear that the Legislature intended to enact legislation mandatory in character if the contracting agency of the State, which is considering the adjustment application of the contractor, finds that the conditions precedent specified in the statutes have been met. The issue of the constitutionality of the chapter in question has not been raised and is not, therefore, considered herein.

302

The orders should be affirmed, with costs.

KOREMAN, P. J., SWEENEY, MAIN and HERLIHY, JJ., concur.

Orders affirmed, with costs.