OPINION OF THE COURT
Thomas M. Stark, J.
In this action for a money judgment (and, in effect, to compel defendant to adjust a contract between Lizza Industries, Inc. and the county) plaintiff moves to dismiss the three affirmative defenses pled by the county. The county cross-moves for summary judgment dismissing the complaint.
In June, 1973, defendant entered into a contract with Lizza Industries, Inc. for the construction of County Road 105, Cross River Drive (contract 5010). Plaintiff became a subcontractor of Lizza for the supply and installation of item 33 D, galvanized steel beam type guide railing (I-beam posts) and item 37 S (4) steel bridge railing (4 rail). This subcontract is dated July 20, 1973.
As a result of the inflation induced by the energy crisis resulting from the oil embargo of late 1973, the Legislature enacted chapters 944 and 945 of the Laws of 1974. Chapter 944 as amended by chapter 945 provides in part in subdivision (b) of section 2: "Whenever the terms and conditions of a construction contract awarded by a political subdivision as defined in section one hundred of the general municipal law, based upon a bid submitted prior to December thirty-first, nineteen hundred seventy-three requires a contractor to fur *1038 nish materials containing petroleum derivatives of any kind or steel products and said bid was based on material prices existing prior to December thirty-first, nineteen hundred seventy-three, unit prices in such contract pertaining to such materials may be adjusted upon a determination made by the officer of the municipality or department or agency thereof that awarded such contract that there has been an increase in the cost of acquisition by the contractor, subcontractor or materialman of such materials or components thereof in excess of fifteen percent, determined as of the time of the award.” (Emphasis supplied.)
The remainder of the section deals with the mechanics of the adjustment.
By resolution 349-1975 the Suffolk County Legislature implemented chapter 945. That resolution provides in part: "resolved, that the County Comptroller and the County Executive subject to the approval of the County Attorney, be and they hereby are requested to promulgate rules and regulations in connection with the implementation of a procedure to make payments to contractors eligible for supplemental payments pursuant to Chapter 944 of the Laws of 1974 provided such payments are limited specifically to asphaltic roadway materials”.
Through Lizza, plaintiff requested that the county adjust its claim for the increased cost of steel products; by letter of May 15, 1975 from the chief engineer of the county, this request was denied. Plaintiff thereupon commenced this action.
The county has pled three affirmative defenses in its amended answer. The first defense alleges that chapters 944 and 945 were permissive and not mandatory and that the county has opted to provide adjustment only for "asphaltic roadway materials” and not for steel products.
The second defense alleges that there is no contractual privity between the parties; therefore, there is no contract to adjust.
The third defense, contends that if chapters 944 and 945 are interpreted as being mandatory then such legislation "would be in violation of the Constitution of the State of New York and of the right of home rule of the defendant, County of Suffolk.”
The use of the word "may” by the Legislature gives rise to the first defense. The question is whether that word is a grant *1039 of permission to the municipal authority or is a direction. By informal opinion (1975 Opns Atty Gen [Inf] 318), the Attorney-General has ruled that this statute confers discretion upon the awarding agency so long as that discretion is uniformly applied.
In Grace Co. v State Univ. Constr. Fund (55 AD2d 299, mot for lv to app dsmd 41 NY2d 943) the court (Appellate Division) denied a motion to dismiss the complaint which was made on the instant ground. The court determined that the statute constituted a directive to governmental authorities to adjust the subject contracts. The Court of Appeals dismissed the motion for leave to appeal on the ground that the order appealed from was a nonfinal order. While not binding upon this court, the authority of the Third Department is persuasive. Accordingly the motion by the county for summary judgment on this defense is denied. In the interest of justice, the defense will be permitted to stand as pled until trial subject to a determination to be made by the Trial Justice and for that purpose this portion of plaintiff’s motion is referred to the Trial Justice.
Chapter 944 applied only to contractors. As amended by chapter 945, the statute applied to "contractor, subcontractor or materialman”. While there is obviously no direct contractual relationship between the county and a subcontractor, the statute gave the subcontractor a right at least to make application to the governmental contracting authority for adjustment of his bid price. Where the Legislature has enacted a statute granting an implied right but does not explicitly set forth the proper party plaintiff, "a party suffering injury in fact and arguably falling within the zone of interest to be protected by the statute has standing to sue.” (Matter of Fritz v Huntington Hosp., 39 NY2d 339, 346.)
Because of the limited nature of the permitted adjustment and the limited corpus of funds available therefor, to require that the subcontractor seek redress through the contractor would be to put the subcontractor’s interest into the hands of a potentially hostile party. The county’s motion for summary judgment on this defense is denied and plaintiffs motion to dismiss this defense is granted.
The third defense, that the statute is in violation of the home rule concepts set forth in the Municipal Home Rule Law and the Suffolk County Charter lacks substance. The subject chapters are general laws and not special laws of specific local *1040 application. The statutes limit the contract adjustments to "the money appropriated or otherwise lawfully available for the project.” There is no requirement that the county appropriate further moneys; therefore, there is no diminution of the power of the County Legislature (cf. Suffolk County Charter, § 213, subd [b]; L 1958, ch 278, as amd by Local Laws, 1969, No. 16 of County of Suffolk). There being no such infringement, it is not necessary to consider whether such infringement might be proper.
A reading of the message of necessity sent to the Legislature by Governor Wilson clearly establishes that such message of necessity was sent to the Legislature pursuant to section 14 of article III of the New York State Constitution to bypass the so-called three-day rule. The message has no relevance to article IX (§ 2, subd [b], par [2]) and the citation of such article and section in McKinney’s 1974 Session Laws is clearly erroneous but has resulted in confusing both parties to this litigation.
The county’s motion for summary judgment on this defense is denied and plaintiff’s motion to dismiss this defense is granted.