OPINION OF THE COURT
Bentley Kassal, J.
The one question to be resolved on the defendant’s motion for partial summary judgment and the plaintiff’s cross motion for the same relief is: Are the provisions of chapters 944 and 945 of the Laws of 1974 mandatory or discretionary?
Both parties agree as to the facts.
DISCUSSION
Chapters 944 and 945 pertain to adjustments of certain public contracts by reason of the energy crisis and the consequent "substantial inequity upon contractors” (L 1974, ch 944). Plaintiff’s position is that these chapters are mandatory and, of course, the city’s position is that they are discretionary with the city.
Examination of the language of these chapters demonstrates the following verbiage, at the places indicated in the copies of the said legislation (McKinney’s Sessions Laws of NY, p 1491).
*840 Subdivision (a) of section 2, lines 6-7: "line items in such contract * * * may be adjusted”.
Lines 15-16: "Upon the agreement of the parties * * * may be modified”.
Line 20: "Every such agreement
Page 1492, line 2: "may be adjusted”.
Lines 9-10: "Upon the agreement of the parties, the contract may be modified”.
Line 16: "Every such agreement(Emphasis added.)
In addition to the foregoing language, the legislative memorandum of Senator Lombardi, annexed as exhibit K to the reply affirmation, clearly states in the third paragraph thereof: "Section 2 of Chapter 944 * * * authorizes * * * officials of political subdivisions to make equitable adjustments * * * The exercise of the authority is permissible in nature, resting in the discretion of the State or municipal authorities” (emphasis added).
The foregoing language and opinion are supported by the Opinion of Attorney-General, State of New York, dated December 2, 1975 (1975 Opns Atty Gen 319) which, in summation, states in the last paragraph: "It is our opinion that approval or denial of contract adjustments under the provisions of Chapters 944 and 945 of the Laws of 1974 is discretionary with the awarding agency” (emphasis added).
Although neither the legislative memorandum nor the Attorney-General’s Opinion is binding upon this court, I have concluded from the clear language and intent of the statutes that the exercise of such authority is discretionary, not mandatory. I am aware of the decision of the Third Department to the contrary in Grace Co. v State Univ. Constr. Fund (55 AD2d 299) and I respectfully disagree with the same.
Since "the plaintiffs claim for $21,394.00 for increased cost of steel products is based on the authority of that law and amendment thereto (i.e., chapter 945)”, defendant’s motion for partial summary judgment, as it applies to the claim incorporated in paragraph 16 of the complaint, is granted.