Fuld, J.
The respondent New York State Thruway Authority advertised for bids, receivable in January of 1957, for the construction of six buildings at various locations along the Thruway for use as police barracks. The specifications for the work provided for the construction, plumbing, heating and ventilating, electrical and site development work to be performed under a single contract for each of the six projects. A contractors association brought this proceeding to compel the Thruway Authority and the respondent Superintendent of Public Works (1) to withdraw the notice to bidders which had been published and (2) to publish a new one containing separate specifications so as to permit separate bidding on each of the three subdivisions of work specified in section 135 of the State Finance Law.[1] Insofar as pertinent, it provides:
‘ ‘ Every officer, board, department, commission or commissions charged with the duty of preparing specifications or awarding or entering into contracts for the erection [or] construction * * * of buildings, for *423 the state, when the entire cost of snch work shall exceed twenty-five thousand dollars, must have prepared separate specifications for each of the following three subdivisions of the work to be performed:
1. Plumbing and gas fitting.
2. Steam heating, hot water heating, ventilating and air conditioning apparatus.
3. Electric wiring and standard illuminating fixtures. Such specifications must be so drawn as to permit separate and independent bidding upon each of the above three subdivisions of work. All contracts hereafter awarded by the state or a department, board, commissioner or officer thereof, for the erection, construction or alteration of buildings, or any part thereof, shall award the three subdivisions of the above specified work separately to responsible and reliable persons, firms or corporations engaged in these classes of work.”
Asserting that the statute does not apply to the Thruway Authority, the respondents moved to dismiss the proceeding. The court at Special Term granted the motion, the Appellate Division unanimously affirmed the resulting order and we granted leave to appeal to afford us an opportunity to decide whether the Authority is to be deemed a “ board ” or “ department ’ ’ of the State within the meaning of section 135.
The Thruway Authority was created by a special act of the Legislature (L. 1950, ch. 143) as a “ public corporation ” to construct and maintain a thruway system (Public Authorities Law, §§ 352, 353). Although created by the State and subject to dissolution by the State, these public corporations are independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission. (See State and Local Q-overnment in New York, New York State Constitutional Convention Committee Report [1938], Yol. 4, p. 189 et seq.; N. Y. Co-ordination Comm. Staff Report on Public Authorities under New York State, N. Y. Legis. Doc., 1956, No. 46, p. 54 et seq., p. 554 et seq.) The corporate entity is interposed, it has been said (1951 Atty.-G-en. 130, 132), both to “ protect the State from liability and enable public projects to be carried on free from restrictions otherwise applicable.”
Indeed, the statute creating the Thruway Authority is replete with provisions which emphasize its separate and independent *424 existence and serve to distinguish it sharply from the type of State board or department which would be subject to the requirements of the State Finance Law with respect to bidding. We note, simply for purposes of illustration — for it by no means exhausts the list—that the Authority is expressly empowered to 11 make contracts, ” ‘ ‘ acquire * * * real property ”, “borrow money and issue [its own] negotiable * * * obligations ” without public referendum and, significantly, ‘1 accept any gifts or * * * grant of funds or property * * * from the state of New York” (§ 354) and become “ indebted to the state ” (§ 357). The notes and bonds issued by the Authority are its primary obligation, the State’s obligation being merely that of a guarantor (§ 366), and only to the maximum amount of $500,000,000 (N. Y. Const., art X, § 6). If, as asserted, there was an identity between Authority and State it is difficult to perceive how the Authority could receive gifts from, or become indebted to, the State and, quite obviously, the latter’s guaranty of the Authority’s obligations would be superfluous and unnecessary. Finally, we would add that traffic control upon the Thruway is exercised by the Authority and not by the State through its Traffic Commission (Public Authorities Law, § 361).
As would, of course, be expected, the cases confirm the conclusion that a public authority enjoys an existence separate and apart from the State, even though it exercises a governmental function (see, e.g., Malone v. State of New York, 1 N Y 2d 837; Pantess v. Saratoga Springs Auth., 255 App. Div. 426), and nothing decided or said in Easley v. New York State Thruway Auth. (1 N Y 2d 374) detracts from the force of what we have written. The court did, in the course of its opinion in Easley, note that “ this Authority is an arm or agency of the State ” (1 N Y 2d, at p. 376), but, as the Appellate Division observed herein, 1 ‘ that is far different from saying it is the State.” Certainly, there is a close relationship between the Thruway Authority and the State, and we simply remarked that fact in upholding the Legislature’s power to confer upon the Court of Claims jurisdiction to determine all claims against the Authority (Public Authorities Law, § 361-b). However close such relationship may be, though, it is abundantly clear that the Authority stands on its own feet, transacts its business *425 affairs through its own personnel and on its own initiative and is not subject to the strict requirements imposed upon a board or department of the State by a provision such as section 135 of the State Finance Law. (Cf. Public Housing Law, § 151-a; General Municipal Law, § 101.)
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Conway and Judges Desmond, Dye, Fboessel, Van Voobhis and Bubke concur.
Order affirmed.

. Although the projects to which the bids related have been completed, the importance of the question presented—the applicability of section 135 to public authorities such as the Thruway Authority — and the likelihood of its recurrence again and again dissuade us from dismissing the appeal as moot. (See Matter of Rosenbluth v. Finkelstein, 300 N. Y. 402, 404; Matter of United Press Assns. v. Valente, 308 N. Y. 71, 76; see, also, Cohen and Karger, Powers of the New York Court of Appeals, p. 421.)