■ FERRAN CONCRETE CO., INC., Respondent, v FACILITIES DEVELOPMENT CORPORATION OF THE STATE OF NEW YORK, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 13, 1976 in Albany County, which denied a motion for summary judgment dismissing the complaint. The plaintiff and the Health and Mental Hygiene Facilities Improvement Corporation (now the defendant) entered into a contract on September 30, 1971 whereby the plaintiff agreed to perform certain construction for a certain sum of money. The contract contained the customary provision whereby acceptance of the last payment on the contract, except retainage, by the plaintiff would be a complete release of defendant "from all claim and liability * * * for anything done or furnished * * * or for any act or omission of the [defendant]." On February 6, 1974, the plaintiff's attorney sent a letter to the defendant which stated, in relevant part, as follows: "The numerous stop orders and the delays have created and caused additional expenses beyond contract costs, in the sum of $141,746.00." The letter went on to request "Your formal change order should be forwarded to my client as soon as possible". On March 4, 1974 the defendant arranged for a meeting on the "alleged" delays to be held on March 20, 1974. On April 2, 1974, the plaintiff by its president sent a letter to the defendant requesting a "formal change order" to cover "added expenses" in a total sum of $120,448 as broken down from the following items: field office; field telephone; overhead and supervision; and increase in labor costs. By a letter dated July 23, 1974, the defendant set a date of August 22, 1974 to meet with the plaintiff and discuss the claim, including apparently an audit thereof. It is undisputed that on November 17, 1975 the defendant did send to plaintiff a check for the final payment of the contract. In a letter dated November 19, 1975, the plaintiff by its president acknowledged receipt of the check and advised defendant: "Please be advised that the acceptance by us of the proceeds of this check is without prejudice to any claims that we may have against you, and shall in no event be deemed to constitute a waiver thereof." The plaintiff commenced this proceeding to recover the sum of $40,050 for extra materials furnished and the sum of $109,150 for delay resulting in additional cost "by virtue of increases in labor and materials, and overhead". The defendant answered and, based upon the allegations in the answer of the contract provision for a release upon final payment and acceptance of such payment without thereafter complying with section 145 of the State Finance Law, moved for summary judgment dismissing the complaint. Special Term in a decision relying largely upon the case of *Fredburn Constr. Corp. v City of New York* (280 NY 402) and section 145 of

the State Finance Law held that issues of fact were presented as to the "effectiveness of the release clause in the contract", and for that reason the motion was denied. Upon the present record there is nothing presented which would indicate that the defendant intended the final payment to be anything but final or that there could possibly have been any mutual misunderstanding (cf. *Fredburn Constr. Corp. v City of New York, supra).* The defendant considered the contention of the plaintiff that it was entitled to receive additional money; however, the plaintiff was fully aware that it had not received the "final change order" requested in each of its so-called "claim" letters at the time that it cashed the final payment check. The cases of *Buffalo Elec. Co. v State of New York* (14 NY2d 453) and *Brandt Corp. v City of New York* (14 NY2d 217) hold that final payment release provisions such as the one involved here are valid and enforceable, and, upon the present record, would require a reversal and dismissal of the action. The dispositive issue, however, is whether or not the provisions of section 145 of the State Finance Law enacted subsequent to the *Buffalo* and *Brandt* cases *(supra)* relieve the plaintiff from the release otherwise applicable to the facts herein. Section 145 provides in pertinent part: "No provision contained in a construction contract awarded by any state department or agency shall bar the commencement of an action for breach of contract on the sole ground of the contractor's acceptance of final payment under such contract provided that a detailed and verified statement of claim is served upon the public body concerned not later than forty days after the mailing of such final payment. The statement shall specify the items upon which the claim will be based and any such claim shall be limited to such items. Any provision of subdivision four, section ten of the court of claims act to the contrary notwithstanding, an action founded upon such statement of claim shall be filed within six months after the mailing of the final payment." Assuming that the "detailed and verified statement of claim" could be effectively served prior to the receipt of the final payment for the purposes of section 145, the present record reveals that no *verified* claim was ever served either before the payment or within 40 days thereafter. The letter of April 2, 1974 from plaintiff has a broad breakdown of items for which extra money was sought; however, it does not appear to be in conformity with the claim as filed and, in any event, it sought a "final change order" under the provisions of the contract and was not a claim in anticipation of final payment. The letter of November 19, 1975 stated at most that plaintiff had claims against the defendant. In the recent case of *Strain & Son v State of New York Health & Mental Hygiene Facilities Improvement Corp.* (57 AD2d 211, 213) this court recognized that the purpose of the statute was to eliminate "the inequity of requiring a contractor who wishes to assert a claim against the State or a department or agency thereof, to indefinitely forego final payment of amounts conceded to be due". However, as was the situation in the *Strain* case, the plaintiff herein has not complied with the statute. The letters relied upon in this case as a "claim" are not in such form as to have a substantial compliance with section 145. The statute seeks to provide a limited waiver of the contractual release provisions and the letters relied upon herein had no such purpose prior to the letter of November 19, 1975 and that letter did not set forth the details or amounts of any claim. Upon the present record it is unnecessary to determine whether or not a detailed claim communicated in writing prior to acceptance of a final payment *could* satisfy the requirements of section 145 of the State Finance Law as to service of a detailed and verified claim. Order reversed, on the law, without costs, motion granted and complaint dismissed. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.