OPINION OF THE COURT
Harold E. Koreman, J.
Claimant moves for an order granting leave to serve an amended claim.
Under date of June 4, 1974, claimant entered into a contract with the defendant, acting through its Department of *905 Transportation for certain road reconstruction work. Claimant completed the work contemplated on or about July 7, 1975 and it was accepted by the defendant on or about October 25, 1975. Final payment under the contract was mailed February 25, 1977. The final check was cashed, and on April 4, 1977 claimant filed a verified statement of claim with the Department of Transportation. This was done in accordance with section 109-14 of the department’s standard specifications of January 2, 1973, which was incorporated by reference into the contract, and with section 145 of the State Finance Law.
The verified statement of claim which was filed with the department specified four items upon which the claim was based. Thereafter, on August 23, 1977, claimant filed a claim in this court which was, in fact, limited to those four items by alleging, inter alia, that the claim was founded upon the verified statement of claim which had been filed with the department. Claimant also alleged "[t]hat the specific items upon which this claim is based are set forth in the attached verified statement of claim”, and, as required by the rules of the Court of Claims (22 NYCRR 1200.35), attached a copy of the statement which had been filed with the department on April 4, 1977.
In the moving papers it is asserted that as a result of further analysis and investigation by claimant’s president and its attorney, and the preparation for and conducting of extensive examinations before trial it was discovered that the "[c]laim containing the Third Addendum did not set forth the full and total damages sustained by Claimant.” As a result of the foregoing, the present motion has been brought. The proposed "amended claim” attached to the moving papers reflects that claimant seeks to increase the ad damnum clause of the claim and to add to and change the allegations of breach of contract against the State.
The motion must be denied. Section 145 of the State Finance Law provides in pertinent part:
"Acceptance of final payment under a state contract
"No provision contained in a construction contract awarded by any state department or agency shall bar the commencement of an action for breach of contract on the sole ground of the contractor’s acceptance of final payment under such contract provided that a detailed and verified statement of claim is served upon the public body concerned not later than forty days after the mailing of such final payment. The statement *906 shall specify the items upon which the claim will be based and any such claim shall be limited to such items. Any provision of subdivision four, section ten of the court of claims act to the contrary notwithstanding, an action founded upon such statement of claim shall be filed within six months after the mailing of the final payment.”
Section 109-14 of the department’s standard specifications above referred to contains substantially the same language as the statute.
A research of case law does not reveal that the precise issue presented on this motion has ever been passed upon before, namely, whether an amendment may be permitted to a claim after acceptance of a final payment by a public work contractor and after he has filed a verified statement of claim, as required by section 145 of the State Finance Law.
The Appellate Division, Third Department, in Ferran Concrete Co. v Facilities Dev. Corp. of State of N. Y. (61 AD2d 1061), reiterated what it previously stated in Strain & Son v State of New York Health & Mental Hygiene Facilities Improvement Corp. (57 AD2d 211, 213), that the purpose of the statute was to eliminate "the inequity of requiring a contractor who wishes to assert a claim against the State or a department or agency thereof, to indefinitely forego final payment of amounts conceded to be due”. It is clear from the court’s examination of the legislative memoranda and the material contained in the bill jacket with respect to the enactment of section 145 of the State Finance Law (L 1970, ch 513) that in order to expedite payment to contractors of the amounts due and owing to them the Legislature authorized them to initiate an action for breach of contract notwithstanding the proviso in the contract stipulating that acceptance of final payment under such contracts shall constitute and operate as a release of any and all claims. However, the release provisions of the contract are nullified by section 145 only on condition that the contractor serves on the public body concerned a detailed verified statement of claim within 40 days of the mailing of the final payment to him and that an action founded upon such claim is initiated within six months. The several memoranda submitted to the Governor by various concerned parties also point out that a claim filed by a contractor in this court must be limited under section 145 to those items contained in the verified statement of claim. The legislative intent to so limit the claim was also noted in the *907 State Executive Department memorandum in support of the bill, later enacted as section 145 of the State Finance Law, wherein it is stated that "[a] similar bill was passed last year and, upon recommendation of the affected agencies, was vetoed by the Governor on the ground that no provision for prompt notiñeation of the details of the claim had been included in the bill.” (McKinney’s 1970 Session Laws of NY, vol 2, p 2953; italics mine.) In disapproving a similar bill in 1969 the Governor’s Memorandum stated that while it would simplify the existing procedures in the Court of Claims and expedite payment to the contractors of amounts concededly due them, the State would be placed in a most difficult position because it would not know until long after the performance under the contract had been completed what formed the basis of the contractor’s claim, and such delay in adequate notice could materially prejudice the State’s ability to properly defend an action in this court based on the contract. (See NY Legis Ann, 1969, p 663.) It is clear, therefore, that section 145 of the State Finance Law was enacted for the purpose of giving the contractor the right to collect as the final payment what is conceded to be due him. As to any other claims for work performed under the contract the acceptance of final payment operates to effectively release the State unless the contractor sets forth such claims in a verified statement and proceeds in the manner prescribed by the statute. The release clause such as is contained in section 109-14 of the department’s standard specifications has been consistently upheld and enforced by the courts in this State (Buffalo Elec. Co. v State of New York, 14 NY2d 453; Ferran Concrete Co. v Facilities Dev. Corp. of State of N. Y., 61 AD2d 1061, supra; Rosenman Corp. v State of New York, 32 AD2d 603), and as the court stated in Ferran Concrete Co. (supra, p 1062), "[t]he statute seeks to provide a limited waiver of the contractual release provisions”. (Italics mine.)
In view of the requirement of section 145 that the claim against the defendant must be "limited to such items” as are contained in the statement of claim, the court’s inquiry must necessarily be directed to whether or not the claimant seeks by the instant motion to allege any matters or items of damage in its claim that were not set forth in the statement served on the Department of Transportation. It is noted in this regard that the proposed amended claim alleges in paragraphs numbered 7 and 8 that it is "founded upon” the *908 verified statement of claim and that the "specific items upon which this claim is based are set forth in the attached verified statement of claim.” However, a verified statement of claim is not attached to the proposed amended notice of claim, and the only verified statement served on the Department of Transportation was attached to the original notice of claim, which was limited to the items set forth in that statement of claim.
Although the claimant argues that he is merely attempting by this motion to set forth more accurately the full damages sustained as a result of the breaches of contract alleged in the original claim filed, a reading of the proposed amendments to the claim clearly reveals that additional costs or items of damage are sought to be pleaded that are not set forth in the verified statement of claim. Moreover, the affidavit of the president of the claimant corporation alleges in paragraph numbered 2 thereof that the instant motion seeks to amend the claim "by way of expanding the cause of action set forth in Addenum [sic] #3 as well as increase the ad damnum clause.” (Italics mine.) It is further alleged in said affidavit that it was not until the claimant’s present attorney became associated with the claim that it was determined that as a result of the breach of contract, interference, and/or delay of the defendant, "the Claimant Corporation incurred costs not pleaded or set forth in its claim or Bill of Particulars”; and that permission to file an amended claim is sought "so as to plead and present the additional costs incurred by the Claimant corporation * * * by way of enlarging, expanding the cause of action set forth in the original claim Addenum [sic] #3 so as to increase the damage value of said Addenum [sic] #3 from $40,252.00 to $87,773.88 as well as to increase the ad damnum clause to reflect the additional items of damage (Italics mine.) Such being the case, it can hardly be said that the proposed amended claim is "limited to such items” as are contained in the statement of claim filed with the Department of Transportation.
Although CPLR 3025 (subd [b]) declares that leave to amend pleadings "shall be freely given”, the matter nevertheless is one of judicial discretion and it does not mean that the courts must grant leave in all cases. (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.15.) The court concludes, therefore, that in the light of the mandatory language of section 145 of the State Finance Law, in order to avoid the effect of releasing the State by the acceptance of the final payment for work per *909 formed under the contract, and to avail himself of the "limited waiver of the contractual release provisions” provided by the statute, the contractor’s claim filed in this court must be limited only to those items previously set forth in the statement of claim required to be filed under the statute. The claimant having released the State from any and all claims arising out of the contract beyond those that were specifically set forth in the statement of claim, leave to amend for the purpose of pleading such additional claims should not be granted. (See Beck v Motler, 42 AD2d 1020; Francis B. v Mark B., 78 Misc 2d 112, 116; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3025:ll, p 481.)
Accordingly, it is ordered that the claimant’s motion be and hereby is denied.