Hon. John Van Lindt Executive Director New York State Racing and Wagering Board
This is in response to a letter from your Counsel wherein he inquired if an employee of the New York State Thruway Authority would be barred from holding a harness racing license under the provisions of McKinney's Unconsolidated Laws, § 8052 (formerly Pari-Mutuel Law, § 63).
That law prohibits public officers, public employees or party officers from holding "any license from the state racing commission, the state harness racing commission or the quarter horse racing commission" (McKinney's Unconsolidated Laws, § 8052, subd. 1(a). The section defines public employee in subdivision 2(b) as:
 "Every person employed by the state or any municipality or other political subdivision thereof or by a local legislative body (other than a public officer defined in paragraph (a) of this subdivision) who is required to devote all or substantially all of his time to the duties of his employment for which he receives compensation, or if employed on a part time or other basis receives compensation in excess of eight thousand dollars per annum, or an employee of the state legislature."
You state that "it is unclear whether such an employee [NYS Thruway employee] would fall within the statute's definition of public employee and thus be barred from holding a racing license."
The New York State Thruway Authority, a public corporation created for the purpose of operating the Thruway System (Public Authorities Law, § 352), is an "arm or agency of the State" (Easley v NYS ThruwayAuthority, 1 N.Y.2d 374, 376 [1956]). As the Court of Appeals aptly described its attributes in Easley in concluding that the Legislature could validly confer exclusive jurisdiction on the Court of Claims to hear and determine claims against the Thruway Authority:
 "The closeness of its relationship (cf. Glassman v. Glassman, 309 N.Y. 436, 441) to the State is illustrated by these situations among others: its members are appointed by the Governor with the approval of the Senate, its statutory purposes are declared to be `in all respects for the benefit of the people of the state', its functions are statutorily declared to be `governmental', its real property is held in the name of the State, the State advanced the money for constructing the Thruway, the State's Public Works Department designed and supervised the construction work, the legal services are performed by the Attorney-General, the Authority must annually report to the Governor and Legislature, its funds are held by the State Comptroller, its bonds are guaranteed by the State pursuant to the vote of the People, and, eventually, the Authority's properties will revert to the State itself (see Public Authorities Law, art. 2, tit. 9; Highway Law, art. XII-A)." (Id. at 376.)
Matter of Plumbing, Heating, Piping and Air Conditioning ContractorsAssociation v NYS Thruway Authority, 5 N.Y.2d 420 (1959), about which you inquire, did not hold to the contrary. The Court found an express legislative intent in creating the Authority to "protect the State from liability and enable public projects to be carried on free from restrictions otherwise applicable," id. at 423; accordingly it concluded that the Legislature did not intend to subject the Authority to the strict requirements of State Finance Law, § 135, relating to bidding on State contracts.
By contrast, there is no discernible legislative intent in creating the Authority to excuse its employees from policies governing the conduct of public employees. Public Authorities Law, § 354, subd. 6 empowers the Authority
 "to appoint officers, agents and employees and fix their compensation, subject to the provisions of the civil service law, which shall apply to the authority as a municipal corporation other than a city."
Section 355 provides for the transfer, promotion and establishment of seniority lists for the officers and employees of the Authority to and from other State departments or agencies subject to the rules and regulations of the State Civil Service Commission.
The employees of the State Thruway Authority are public employees and included in the category of persons prohibited from holding a license under McKinney's Unconsolidated Laws, § 8052. (Cf. Murtha vMonaghan, 2 N.Y.2d 819, affg 1 A.D.2d 178 [1st Dept, 1956].)