SNYDER CONSTRUCTION COMPANY, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62762.)

Third Department, February 28, 1980

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard J. Dorsey, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellant.

*Kiley, Feldman, Whalen, De Vine, Zeller & Patane, P. C.* (*Spencer G. Feldman* of counsel), for respondent.

## OPINION OF THE COURT

SWEENEY, J. P.

The underlying action is one by claimant to recover for the State's alleged breach of a contract for reconstruction of portions of Routes 5 and 13 in Madison County. Concededly, all moneys had been paid under the contract except $41,920.69. The Comptroller, pursuant to section 220-b of the Labor Law, ordered the sum of $11,000 withheld from the contract payments. Accordingly, the State sent claimant a check marked "final" in the sum of $30,920.69. Claimant cashed this check.

The State contends that the release provisions of the contract, and section 145 of the State Finance Law, were triggered. Pursuant to these provisions, claimant, after accepting final payment, is barred from bringing this action unless a verified claim is served within 40 days after the mailing of the final payment and the claim is filed with the clerk of the Court of Claims and Attorney-General within six months of the mailing of the final payment. Concededly, neither was done here. Consequently, the State argues the action is untimely. The Court of Claims denied the State's motion to dismiss and also claimant's cross motion for partial summary judgment. Only the State has appealed.

Initially, we note, in reply to the State's contention, that if the payment was not a final one then neither the contract release provision nor section 145 came into play. Consequently, subdivision 4 of section 10 of the Court of Claims Act would apply, and claimant has met these time limits. While the contract does not define "final" payment, section 109-12 of the Standard Specifications is of some significance and reads as follows: "109-12 FINAL ESTIMATE. The Commissioner will

approve a final estimate for final payment based on the final agreement as prepared and approved by the Regional Director, less previous payments and any and all deductions authorized to be made by the Commissioner under the contract. *Payment pursuant to such final estimate less any deductions authorized to be made by the Comptroller under the contract shall constitute the final payment and shall be made by the Comptroller."* (Emphasis supplied.)

A resolution of the issue narrows to whether the $11,000 withheld by the Comptroller is a deduction within the meaning of section 109-12. We are of the view that it is not. The critical word "deduction" is not defined in the contract. It connotes a permanent retainage, whereas the word "withhold" connotes a temporary suspension. Concededly, claimant may eventually be entitled to some portion of the $11,000. Thus, we are here concerned more with a withholding than a deduction. Furthermore, the Department of Labor referred to the sum as being "withheld" and the Comptroller acted pursuant to subdivision 2 of section 220-b of the Labor Law, which authorizes a withholding of funds where the contractor does not admit liability, as here. Subdivision 1 of the same section, on the other hand, authorizes a deduction of sums admitted by the contractor to be due and owing by him. Finally, the State's reliance upon *Buffalo Elec. Co. v State of New York* (14 NY2d 453) is misplaced in that the check in question in that case was in fact the final payment due under the contract. There must be an affirmance.

The order should be affirmed, with costs.

HERLIHY, J. (dissenting). While the matter is not entirely certain, it appears that the issue raised herein is solely one of law and concerns the meaning of the terminology "final payment" as used in section 109-14 of the Standard Specifications, which the parties do not dispute formed part of the contract, and as used in section 145 of the State Finance Law. Section 109-14 provides in unambiguous terms that acceptance "of the final payment" precludes the claimant from making any further claim for payment unless he performs certain steps within 40 days. Section 145 of the State Finance Law provides, in essence, that such contract provision providing for a release of the claimant's right to claim further compensation "for breach of contract" solely because of "acceptance of final payment under such contract" shall not be binding if certain steps are taken by the claimant within 40 days after

"the mailing of such final payment". The claimant has accepted a payment designated as "final" and has not met the 40-day requirements.

The majority finds that the final payment as made was not computed as required by section 109-12 of the Standard Specifications and, accordingly, the contract provision of section 109-14 is not applicable to the claimant.

We do not perceive any fulcrum whereby the legal meaning of the word "deductions" would require a limiting definition. While it is true that subdivisions 1 and 2 of section 220-b of the Labor Law would make the item of $11,000 at issue herein a "withholding", as opposed to a permissible deduction, such language merely recognizes that the item is one of continuing controversy between the parties for the benefit of third parties. It is noteworthy that the claimant in this proceeding focuses on the issue herein by pointing out that dispositon of the amount withheld ($11,000) is not a matter controlled by the contract, but rather by the explicit terms of section 220-b of the Labor Law, and its eventual resolution will not be bound by any release of claims as to the contract. In our opinion, it is the contract that is designated as controlling "deductions", and the matter is not left to either purely academic speculation or general statutory construction.

Issues raised by withholding sums of money pursuant to subdivision 2 of section 220-b of the Labor Law are expressly reviewable in CPLR article 78 proceedings.

The pertinent portion of section 109-12 of the Standard Specifications being construed by the majority reads as follows: "Payment pursuant to such final estimate less any *deductions authorized to be made by the Comptroller under the contract* shall constitute the final payment and shall be made by the Comptroller." (Emphasis added.)

The State, in its motion for summary judgment, alleged that final payment was made by check and the respondent, in its affidavit, admitted receipt of the check which had a legend saying "FINAL". The claimant did not allege in any of its papers that the final payment was not computed as authorized in the contract or that it was not a final payment pursuant to section 109-14 of the Standard Specifications. It was originally alleged by the claimant that no "final" check was received, but it later conceded that such a check was received. The claimant has simply alleged that no final payment was received and/or that the prior legal proceeding related to the

sum of $11,000 requires a finding that legally there had been no final payment. At no point in its opposing papers has the claimant alleged that the withholding was not a deduction *authorized by the contract.*

Accepting the finding of the Court of Claims that the term "deductions" is not *defined* in the contract, such a finding is not conclusive as the contract as a whole must be considered in relation to authorized withholdings and not just the word "deductions" in a vacuum. It appears undisputed that the Labor Law was incorporated in the contract pursuant to section 102-08c of the Standard Specifications and, thus, the contract would authorize the withholding as well as the withholding being independently mandated by section 220-b of the Labor Law.

The finding of the Court of Claims that no final payment was made pursuant to the contract is erroneous as a matter of law since it is based upon considerations not dispositive of the issue of contract construction before it. It is undisputed that a final payment was made and there is no showing of any facts sufficient to indicate that the claimant would not recognize it was intended as a final payment within the meaning of the contract. (See *Buffalo Elec. Co. v State of New York,* 14 NY2d 453.) Errors in computing the amount of the final payment, if any, would simply be a breach of the contract and would not affect the nature of the payment as a final payment pursuant to section 109-12 of the Standard Specifications.

It should be further noted that the Court of Claims finding that "[i]t is inconsequential that the stub on the check was marked 'final'" is contrary to well-established law *(Snyder Constr. Co. v State of New York,* 99 Misc 2d 386, 388; see *Buffalo Elec. Co. v State of New York, supra; Wilcox Press v Beauty Fashions,* 73 AD2d 988; *Ferran Concrete Co. v Facilities Dev. Corp. of State of N. Y.,* 61 AD2d 1061). The Legislature, in its wisdom, granted a so-called grace period of 40 days to serve a detailed and verified statement of claim, which the claimant failed to comply with.

Finally, the contention of the claimant that it should be granted an extension of time to serve a verified claim upon the Department of Transportation or to file a late claim pursuant to CPLR 2004 has no merit. The 40-day limit involved is solely designed to preclude a contract provision from becoming final and binding upon the parties thereto. Accordingly, there is no time limitation which could be extended.

The order should be reversed and the State's motion granted.

STALEY, JR., and MAIN, JJ., concur with SWEENEY, J. P.; KANE and HERLIHY, JJ., dissent and vote to reverse in an opinion by HERLIHY, J.

Order affirmed, with costs.