■ FOSCO FABRICATORS, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 65681.) — Order of the Court of Claims (Rossetti, J.) entered

August 25, 1982, denying the motion of the State of New York for summary judgment, unanimously reversed, on the law and the motion granted, without costs. Plaintiff contracted with the State Department of Transportation for construction in connection with the repair of Franklin D. Roosevelt and Harlem River Drives, in the City of New York. On June 26, 1981, a check in the sum of $140,823.14 was forwarded by the State Department of Audit and Control to plaintiff. The check indicated that it was the final payment due plaintiff under the construction contract. On June 30, 1981 the check was deposited in plaintiff's checking account. The standard specifications applicable to plaintiff's contract bid, all of which constitute part of the contract documents (*Eastern Rock Prods. v State of New York,* 112 Misc 2d 204, affd 90 AD2d 691, mot for lv to app den 58 NY2d 605; *Kembridge Corp. v State of New York,* 101 Misc 2d 904), provide that acceptance of final payment shall constitute a release to the State unless the contractor shall serve upon the Board of Transportation, within 40 days of the mailing of the final payment, a detailed and verified statement of claim. This provision of the standard specifications is in compliance with section 145 of the State Finance Law. On August 5, 1981, within 40 days after the mailing of the final payment, plaintiff served a verified statement of claim upon the Attorney-General asserting that it was entitled to an additional payment of $33,633.79 attributable to quantities excavated under the contract. However, it did not, within the prescribed time or thereafter, serve such verified statement of claim upon the Department of Transportation. Based upon this failure the State moved for summary judgment. Section 145 of the State Finance Law requires that the detailed and verified statement of claim be "served *upon the public body concerned* not later than forty days after the mailing of such final statement" (emphasis supplied). The requirement is to be strictly construed (*Buffalo Elec. Co. v State of New York,* 14 NY2d 453; *Brandt Corp. v City of New York,* 14 NY2d 217; *Snyder Constr. Co. v State of New York,* 53 NY2d 613). Failure to comply therewith effects a release of the State. Inasmuch as plaintiff failed to comply with the mandate of the law its rights against the State have been lost and the State is entitled to summary judgment. Concur — Sandler, J. P., Carro, Asch, Silverman and Bloom, JJ.