OPINION OF THE COURT
Harold E. Koreman, P. J.
Claimant’s action herein is for damages arising out of the alleged breach of a public improvement contract. The defendant’s motion requests dismissal based on claimant’s failure to timely commence its claim pursuant to the requirements of section 145 of the State Finance Law. A cross motion by claimant seeks permission to file a late claim and, in the alternative, requests that its notice of intention be treated as a claim. Although the ultimate issue which must be decided herein is the applicability of section 145 of the State Finance Law to the commencement of public construction contract claims against the Thruway Authority, we must initially note that while a notice of intention and claim were filed with the court and served on the Attorney-General, neither document was served on the Thruway Authority. Said Authority “is an autonomous public corporation, with an existence separate and independent from the State”, and service on the Attorney-General is not sufficient to confer jurisdiction over the Thruway Authority as a party defendant (Cantor v State of New York, 43 AD2d 872, 873). Hence, aside from any issue concerning timeliness of filing, the subject claim against the Thruway Authority must be dismissed as jurisdiction-ally defective (see Kurtz v State of New York, 40 AD2d 917, affd 33 NY2d 828). Similarly, the notice of intention, having never been served on the Thruway, may not be treated as a claim, nunc pro tunc (see Perry v State of New York, 64 AD2d 799). Continuing, however, the Authority was served with notice of claimant’s cross motion for permission to file a late claim (see Court of Claims Act, § 10, subd 6), and the court has thereby obtained the jurisdiction necessary to address this issue as it pertains to the Authority.
By virtue of the standard specifications which are part of claimant’s contract with the Thruway Authority (see Fosco Fabricators v State of New York, 94 AD2d 667), acceptance *309 of final payment constitutes a release unless the contractor serves upon the Authority, within 40 days of mailing of final payment, a detailed and verified statement of claim. On February 11,1983, final payment was mailed to claimant, and on March 17,1983, within 40 days thereof, claimant sent the required statement to defendant. Hence, claimant’s acceptance of the payment did not automatically constitute a release. However, in order to commence an action against the Thruway, claimant was additionally required to serve on defendant, and file with the court, a formal claim in compliance with section 11 of the Court of Claims Act, which claimant failed to do.
Assuming, as claimant contends, that the Court of Claims Act (§ 10, subd 4) and not the State Finance Law (§ 145) provides the applicable period for claim filing, claimant nonetheless failed to commence its action within the six months provided therein. However, all of section 10 carries with it the ameliorative consequences of subdivision 6 thereof which states that “[a] claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the claim or notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules” (Court of Claims Act, § 10, subd 6; emphasis added). Hence, claimant’s late claim motion, brought within six years of accrual (see CPLR 213, subd 2) could be properly considered by the court. If, however, section 145* applies said section provides for a six-month filing limitation which is to take precedence over subdivision 4 of section 10 of the Court of Claims Act. Moreover, if subdivision 4 does not supply the relevant filing period, the provisions of subdivision 6 extending the time limitations of section 10 would not be *310 applicable (see Hull-Hazard, Inc. v State of New York, Claim No. 64767, Motion No. M-27862, CM-27973, Ct of Claims, Jan. 6, 1983, Hanifin, J.; Chemung Contr. Corp. v State of New York, Claim No. 66131, Motion No. M-26597, Ct of Claims, May 13, 1982, Hanifin, J.; see, generally, Kembridge Corp. v State of New York, 101 Misc 2d 904). Thus, the court would be without authority to entertain claimant’s cross motion for permission to late file, and we would have to find that its failure to commence a claim within six months of final payment, as provided by the State Finance Law, effected a complete release (see Eastern Rock Prods, v State of New York, 112 Misc 2d 204, affd 90 AD2d 691), and that any action by claimant on the subject contract is forever barred.
Defendant’s principal argument in support of its position that section 145 controls is predicated on the use and meaning of the word “agency” as contained in the statute. In this regard, counsel for the defendant contends that the Thruway Authority has been held to be an “arm or agency of the State” (see Easley v New York State Thruway Auth., 1 NY2d 374, 376) and that, therefore, the Legislature by including State departments and agencies under the coverage of section 145 intended said section to apply to the Thruway. Claimant, on the other hand, stresses that the Authority is an autonomous and independent public corporation distinct from the State (see Cantor v State of New York, 43 AD2d 872, 873, supra). Additionally, claimant points to a Court of Appeals decision rendered subsequent to Easley, viz., Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth. (5 NY2d 420) wherein the court refused to apply the strict bidding requirements imposed by section 135 of the State Finance Law to the Thruway Authority. While the decision in Matter of Plumbing is instructive, it is not directly on point. By its language, section 135 is made applicable to “boardfs] or department^]” of the State, in contracts of the State, and undeniably, the Thruway Authority is not the “State” or a board or department thereof (5 NY2d 420, 424-425), while in comparison, section 145 is made applicable to any “state department or agency” (emphasis added). The question which is thus presented is the meaning of the word “agency” as contained in section 145.
*311 By statutory definition the Thruway Authority is a “body corporate and politic constituting a public corporation” (Public Authorities Law, § 352). As a general proposition, the provisions of article IX of the State Finance Law (wherein section 145 is contained) do not apply to the Thruway, or to other authorities or public corporations (see Spatz, McKinney’s Cons Laws of NY, Book 55, State Finance Law, Introduction, pp XIII-XIV; see, e.g., Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., supra [State Finance Law, § 135]; Hanover Sand & Gravel v New York State Thruway Auth., 65 AD2d 860 [State Finance Law, § 174]). An analysis of the legislative intent attaching to the use of the words “state department or agency” as contained in section 145 provides limited instruction. Although the documents appearing in the bill jacket (bill jacket to Assembly Bill No. 6374 [L 1970, ch 513]) do not mention whether or not section 145 is intended to apply to public corporations or authorities, the references throughout the bill jacket are to “State contracts” and it is noted therein that the “agencies” affected by the bill are the “Comptroller,” the “Office of General Services,” and the “Department of Transportation” (see bill jacket to Assembly Bill No. 6374, supra [Department of Audit and Control, Report to Governor, undated; Budget Report on Bills, May 1, 1970]). Nothing appearing in the bill jacket would indicate that by using the word “agency,” the Legislature evinced a conscious intention to include the Thruway Authority within the statute’s purview. It might also be noted that the title given to section 145 is “Acceptance of final payment under a state contract” (emphasis added).
A conclusion that the phrase “State agency” as appearing in section 145 was not meant to include the Thrxlway Authority is further supported by an analysis of a similarly worded statute, section 146 of the State Finance Law. By its language section 146 is made applicable to “contracts * * * made and awarded by any department or agency of the state”. Despite the presence of the words “agency of the state”, a review of the bill jacket relative to this statute (see bill jacket to Assembly Bill No. 1616-A [L 1981, ch 1014]) makes it abundantly clear that its provisions were *312 not intended to apply to the Thruway Authority or other public corporations. Most instructive in this regard is a memo to the bill jacket by the counsel to the Governor, wherein it is stated that: “In response to a question I raised yesterday, Ken Shapiro (Counsel to Speaker Fink) telephone [sic] me today and indicated that he had spoken with Assemblyman Graber, and that Assemblyman Graber confirms that Assembly 1616-A is not intended to apply to public authorities or public benefit corporations” (bill jacket to Assembly Bill No. 1616-A, memorandum dated March 24, 1981). Similarly, a memo to the Governor from the General Counsel to the defendant New York State Thruway Authority, concerning the proposed bill espouses the view that the provisions of the State Finance Law do not apply to the Authority (see bill jacket to Assembly Bill No. 1616-A, letter dated March 20, 1981; see, also, Budget Report on Bills, March 19, 1981 [bill applies to State agencies, but not to public benefit corporations]; Office of General Services memorandum, March 17, 1981, par 5 [“bill does not address construction by the State public corporations as Facilities Development Corporation, Urban Development Corporation, State University Construction Fund and the Dormitory Authority”]). Thus, while the Legislature used the phrase “agency of the state” in section 146, it did not intend to include public authorities or public benefit corporations. By parity of reasoning we must conclude that the use of the words State agency in section 145 was not reflective of any intention to include the Thruway Authority under said statute. We would also note that where recent amendments to the State Finance Law were intended to apply to public corporations or authorities the Legislature has specifically so provided (see, e.g., State Finance Law, § 139-g [“state agency, department or authority”, L 1980, ch 840, § 3]; § 139-f [“state * * * public department, or by any public benefit corporation or by any public corporation”, L 1978, ch 769, § 8]; § 161, subd 4 [“public authorities and public benefit corporations”, L 1982, ch 517, § 1]).
Continuing, we cannot find that the Court of Appeals decision in Easley v New York State Thruway Auth. (1 NY2d 374, supra), upon which defendant relies, requires a *313 different holding. The court in Easley was concerned with the constitutionality of a statute providing for jurisdiction in the Court of Claims over actions against the Thruway Authority, and we cannot read it as establishing a legal definition of the Authority’s corporate existence for purposes of applying the State Finance Law (see Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 424, supra). Neither does the Appellate Division’s decision in Strain & Son v State of New York Health & Mental Hygiene Facilities Improvement Corp. (57 AD2d 211) compel a contrary conclusion. Although the court found section 145 to be applicable to the public benefit corporation therein concerned, which entity was statutorily defined as a “corporate governmental agency” (L 1968, ch 359, § 1, as amd), the decision was rendered without benefit of the Court of Appeals subsequent decision in Grace & Co. v State Univ. Constr. Fund (44 NY2d 84, revg 55 AD2d 299). Stressing the fund’s independence and separateness from the State, the court in Grace held that a statute providing for the renegotiation of State contracts by any “department, board or agency” (L 1974, chs 944, 945; emphasis added) was not applicable to the University Construction Fund, notwithstanding that said public benefit corporation was likewise statutorily defined as a “corporate governmental agency” (Education Law, § 371; see, also, Gembala v Audobon Assn., 97 AD2d 345 [Urban Development Corp., a “corporate governmental agency”, L 1968, ch 174, § 1, as amd is neither the State qua State, nor a “State agency”]). We are of the opinion that reasoning similar to that in Grace would be and should be applied in determining the applicability of section 145 to the Thruway Authority. Moreover, based on its separate legal existence and the degree of autonomy exercised by the Authority (see Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 423-424, supra), we must conclude that section 145 of the State Finance Law is not applicable to said defendant. Rather, the controlling limitation period for bringing suit against the Authority for breach of a public construction contract must be determined by reference to the contract and to the Court of Claims Act (see Public Authorities Law, § 361-b; *314 Court of Claims Act, § 10, subd 4). In this regard, claimant, within 40 days of the mailing of final payment, delivered a verified statement of claim to the defendant Thruway Authority. Accordingly, and by the terms of the contract, any claim against the defendant was not released by virtue of the acceptance of payment (see New York State Thru way Authority Addendum No. TA-1 to New York State Department of Transportation Standard Specifications; see, also, Standard Specifications, § 109-14). However, and as earlier noted, claimant failed to file and serve a notice of intention or claim within six months of accrual as required by subdivision 4 of section 10 of the Court of Claims Act. This failure notwithstanding, subdivision 6 of section 10 of the Court of Claims Act is available to claimant, and its cross motion thereunder for permission to late file was timely made (see CPLR 213, subd 2) and may be considered at this juncture. Accordingly, the court will turn to a consideration of whether, in the exercise of discretion, such motion should be granted.
A review of the verified statement of claim sent by claimant to the defendant on March 17,1983 (34 days after mailing of final payment), and the correspondence relative thereto, indicates that the defendant had early notice of the allegations underlying claimant’s proposed claim. Moreover, this being a public construction contract claim, it is evident that the Thruway Authority would possess the documents and records necessary to fully investigate and defend this action. Furthermore, since any recovery herein will be restricted to the items advanced in claimant’s verified statement of claim (see Standard Specifications, § 109-14; see, also, Fosco Fabricators v State of New York, 94 AD2d 667, 668, supra; Kembridge Corp. v State of New York, 101 Misc 2d 904, 908, supra), we cannot find that any prejudice has resulted to defendant by reason of claimant’s failure to timely serve it with a notice of intention or claim. Finally, claimant’s action appears to be meritorious (see Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1), and is claimant’s only available remedy. Since the preponderance of the factors considered by the court weigh heavily in claimant’s favor, the absence of any legally acceptable excuse for the delay in service should *315 not be held to prevent the granting of this application (Bay Terrace Coop, v New York State Employees’ Retirement System, 55 NY2d 979).
In accordance with all of the foregoing, it is hereby ordered that Claim No. 68371 be dismissed, and it is further ordered that claimant’s motion for permission to file a late claim against the defendant Thruway Authority be and is hereby granted, provided, however, that said claim be limited to those items enumerated by and contained in claimant’s verified statement of claim sworn to March 17,1983, and it is further ordered that claimant file an original and two copies of its claim with the clerk of this court and serve a copy of the same on the Thruway Authority within 30 days of notice of entry of this order.

 Section 145 of the State Finance Law, in relevant part, provides: “No provision contained in a construction contract awarded by any state department or agency shall bar the commencement of an action for breach of contract on the sole ground of the contractor’s acceptance of final payment under such contract provided that a detailed and verified statement of claim is served upon the public body concerned not later than forty days after the mailing of such final payment * * * Any provision of subdivision four, section ten of the court of claims act to the contrary notwithstanding, an action founded upon such statement of claim shall be filed within six months after the mailing of the final payment.”