■ In the Matter of HANOVER SAND & GRAVEL, INC., Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant.—Appeal from a judgment of the Supreme Court, entered September 19, 1977 in Albany County, upon a decision of the court at a Trial Term in a proceeding pursuant to CPLR article 78 which adjudged that certain contracts should have been awarded to petitioner and granted petitioner's application for additional disbursements and an additional allowance. Petitioner was the low bidder to supply winter road abrasives at the Buffalo, Silver Creek and Westfield delivery points along the New York State Thruway for the period of October 1, 1976 to September 30, 1977. Samples of petitioner's product were taken on or about September 29, 1976, but no further information concerning the status of its bid became known until October 27, 1976 when petitioner's president observed sand being transported to the nearby Silver Creek area by a competitor. Upon inquiry at thruway headquarters, petitioner was advised that its product was not acceptable because the test sample had revealed an excessive moisture content. The results of the authority's test were contrary to those submitted by an independent laboratory at petitioner's request. Nevertheless, owing to this excessive moisture content and reports of poor past performance, petitioner's bids were rejected. At the conclusion of this CPLR article 78 proceeding challenging such action, Trial Term found that the sampling technique used by the authority was "unacceptable, non-uniform, unfair, and arbitrary." It also disagreed with the authority's related assertion that poor past performance justified its refusal to accept petitioner's bids, finding an insufficiency of evidence to substantiate that position. Notwithstanding these adverse factual determinations, the authority steadfastly maintains that, as an independent and autonomous public corporation, it was not subject to the provisions of section 174 of the State Finance Law requiring an award of contracts for the purchase of materials to the lowest responsible bidder. We agree. The statute is explicitly limited in its application to "a state department or institution" (Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420; see, also, Grace & Co. v State Univ. Constr. Fund., 44 NY2d 84). Moreover, since the disputed contracts were not for

"construction, reconstruction or improvement", they were not governed by an analogous mandate contained in section 359 of the Public Authorities Law. Consequently, the instant matter fell within the authority's otherwise unrestricted discretion "to make contracts, and to execute all instruments necessary or convenient" to carry out its purposes (Public Authorities Law, § 354, subd 7). So long as the exercise of that discretion possessed a rational basis it is beyond judicial review and, in our opinion, the fact that the bid proposals and general specifications referred to a policy of accepting or rejecting bids "in the best interest of the Authority" and making awards "to the lowest responsible bidder, as will best promote the Authority's interest" did not place any special obligation or duty on it. The record plainly discloses that the testing efforts were undertaken in good faith to promote the authority's interest, as well as that of the general public. The procedures may have been flawed and the results less than perfect, but that alone does not deprive the authority's action of a rational foundation; it merely establishes that a more careful analysis might have produced a better final decision. In our view the circumstances presented did not merit a finding that the authority had acted without the proper boundaries of its discretion and, therefore, the petition should have been dismissed. We do not reach or pass on any of the authority's remaining arguments. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Sweeney, J. P., Kane and Staley, Jr., JJ., concur; Mikoll, J., dissents and votes to modify in a memorandum; Herlihy, J., dissents and concurs in the result reached by the dissent. Mikoll, J. (dissenting). I respectfully dissent. The petitioner was the lowest bidder for delivery of road abrasives for Buffalo and Westfield on an f. o. b. plant and delivery basis. Also, due to petitioner's plant location, petitioner submitted the lowest cost bid pursuant to the f. o. b. plant basis for Silver Creek. The authority planned, however, to purchase the Silver Creek supply on a delivery basis because of lack of trucks to pick up the material. The court is, therefore, incorrect in intruding on the administrative determination to take the lowest bid on a delivered basis as to Silver Creek. The decision was rationally made by the authority and survives judicial scrutiny. The discretion allowed to the New York State Thruway Authority in awarding of contracts is not unlimited. The legislative mandate to the authority is contained in section 353 of the Public Authorities Law. It is charged with maintaining and operating the thruway system "for the benefit of the people of the state of New York for the increase of their pleasure, convenience and welfare". The awarding of contracts not consonant with the welfare of the public is a violation of that mandate. The authority cannot waste public funds and, in the award of contracts, its discretionary powers are circumscribed by a duty to act rationally. In its bid proposal submitted to contractors, the authority reserved to itself the right to waive informality in bids and reject any and all bids when such action was in the best interests of the authority. The authority's general specifications which applied to all proposals issued by the authority provided that awards will be made to the lowest responsible bidder, as will best promote the authority's interest. The best interests of the authority are served only when the welfare of the public is served. The trial court found that the reasons for the repudiation of petitioner's bid were based on "unacceptable, non-uniform, unfair, and arbitrary" testing procedures, and that complaints concerning the performance of the petitioner's products in previous years were unsubstantiated. The trial court noted in strong words, "it is interesting to note that this petitioner or its predecessor had supplied abrasives for many years to the respondent and the record herein does not reflect any

substantial complaint with its product. * * * The respondent has no reasonable basis to reject petitioner's bid." I do not agree with the majority that the record discloses that the testing efforts were undertaken in good faith. It appeared to the trial court to be otherwise. Not only was the authority's decision to reject the bid based on questionable grounds, it was without rational basis. The trial court awarded petitioner a discretionary allowance of costs in the sum of $1,049.28 pursuant to CPLR 8303 (subd [a], par 2). Whether an action is difficult or extraordinary and justifies the awarding of costs is to be determined by the trial court and its discretion will not be disturbed except in a case of clear abuse *(Town of North Hempstead v Olesner,* 148 App Div 779, affd 208 NY 626). The award by the trial court was reasonable and should stand. Pursuant to CPLR 8301 (subd [a], par 12), the court awarded petitioner $2,169.97 for extra, actual and necessary disbursements. The court has broad discretion to allow the taxation of items; however, the weight of authority indicates that fees paid to expert witnesses are not recoverable under CPLR 8301 *(County of Sullivan v Emden,* 59 AD2d 957). The award of $1,284 for fees paid to expert witnesses and $415.86 for travel expenses should not have been allowed. The court allowed petitioner fees paid for transcripts of the examination before trial in the sum of $521.55. CPLR 8301 (subd [a], par 9) sets a ceiling of $250 for such costs. The excess of $271.55 should be disallowed. Judgment should be modified by reversing so much thereof as determined the Silver Creek award to be without reasonable basis and by reducing the taxable disbursements in conformity with this opinion, and, as so modified, affirmed.