OPINION OF THE COURT
Howard A. Zeller, J.
Petitioner Mathalia Motors, Inc. seeks a judgment pursuant to CPLR article 78 annulling the award of a towing contract by respondent City of Oneida to Vic Novell Motors, Inc.
On July 18, 1980 respondent City of Oneida (the City) advertised in the Oneida Daily Dispatch for towing services. Petitioner Mathalia Motors, Inc. (Mathalia) and Vic Novell Motors, Inc. (Novell) were the only bidders. Mathalia alleges that despite the fact that its bid was lower than the bid of Novell, the contract was awarded to Novell. Mathalia also alleges that Novell’s bid did not meet the specifications regarding response time, radio equipment in trucks, a cash deposit, and insurance. Mathalia seeks a judgment vacating the award to Novell and granting it to Mathalia, or, in the alternative, to vacate the award and have the City readvertise for bids.
Mathalia and the City agree that the City did not have to hold formal bidding in order to award this contract. Towing services require special skills or training, and contracts for such services are not subject to competitive bidding requirements (Matter of Doyle Alarm Co. v Reville, *846 65 AD2d 916; People ex rel. Smith v Flagg, 17 NY 584). Although formal bidding was not required, the City published a “Notice to Bidders” in the Oneida Daily Dispatch and sent forms and response sheets to bidders as well. Was the City, once it formally solicited bids, required by section 103 of the General Municipal Law to award the contract to the lowest responsible bidder? (Had the City, in its notice to bidders, announced that it was not bound by the requirements of section 103 of the General Municipal Law, this controversy may not have arisen.)
There seems to be no New York case on point. One commentator has noted that when “competitive bidding is not required by the applicable laws, but bids are nevertheless requested, the contract need not be let to the lowest bidder,- and an award of the contract in good faith to a higher bidder ordinarily will not be set aside, except for fraud or abuse of discretion” (10 McQuillin, Municipal Corporations [1966 rev ed], § 29.73a, pp 431-432). The Supreme Court of New Jersey has stated that unless a formal bidding statute controls, the “advertisement, specifications, opening the bids and other formal procedures are not legally required”, and the contract may be awarded to the bidder who “would best serve the interests of [the] taxpayers” (Schultes & Sons v Township of Haddon, 8 NJ 103, 107, 108). This policy is consistent with the court’s traditionally limited review of agency actions. “Reasonable men may reasonably differ, but the agency or person saddled with the responsibility of decision, absent fraud, collusion, illegality or action clearly arbitrary and without foundation, should have its decisions upheld” (Matter of Kay field Constr. Corp. v Morris, 15 AD2d 373, 379).
Since the contract here was not controlled by section 103 of the General Municipal Law, the City did not have to award the contract to the lowest bidder, and was bound only to make an award that was in the best interest of the taxpayers. The City’s award may be set aside only upon a showing of fraud, collusion, illegality, or arbitrariness. Mathalia has failed to show such wrongdoing.
The petition is dismissed.