■ WESTCHESTER BUILDERS SUPPLY, INC., Respondent, v CITY OF MOUNT VERNON et al., Appellants. — In an action (1) for a judgment declaring, *inter alia,* that plaintiff is entitled to a conveyance of certain parcels of real property offered for sale by the defendant City of Mount Vernon and that the acceptance of the bid of the defendant Findlay Moving & Storage, Inc., by the municipal defendants was a nullity, (2) for an injunction prohibiting the municipal defendants from selling the property in question to anyone but plaintiff and compelling them to convey the same to plaintiff, and (3) for an award of damages to the plaintiff, the defendants separately appeal (A) from an order of the Supreme Court, Westchester County (Beisheim, J.), dated March 28, 1984, which denied the motion of the municipal defendants, which was joined in by the defendant Findlay, for summary judgment in their favor, and (B), as limited by their briefs, from so much of an order of the same court, dated May 10, 1984, as upon reargument, in effect, adhered to the original determination.

Appeals from the order dated March 28, 1984, dismissed. Said order was superseded by the order dated May 10, 1984, made upon reargument.

Order dated May 10, 1984 reversed insofar as appealed from, on the law, order dated March 28, 1984 vacated, motion granted, it is declared that plaintiff is not entitled to conveyance of the

parcels of real property known as 44 Jackson Street and 310-326 South Fulton Avenue and designated, respectively, as lot 3, block 3146, and lots 4, 6, 7 and 8, block 3150, on the tax assessment map of the defendant City of Mount Vernon, and in all other respects, amended complaint dismissed.

One bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The designation of defendant Findlay as the preferred developer of the subject property is supported by the record and appears to be in the best interest of the taxpayers (*Matter of Mathalia Motors v City of Oneida,* 105 Misc 2d 843, affd 84 AD2d 637). Moreover plaintiff's claims that Findlay's bid proposal did not comply with the requirements of the prospectus published by the City of Mount Vernon and that Findlay received preferential treatment, are without factual basis in the record. In the absence of any triable issues of fact, Special Term should have declared the rights of the parties (*Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901) and the balance of the complaint seeking an injunction and damages should have been dismissed (*Green & Assoc. v Board of Educ.,* 96 AD2d 850). Mangano, J. P., Gibbons, O'Connor and Boyers, JJ., concur.