[613 NYS2d 734]

In the Matter of AT/COMM, Inc., Appellant, v Peter Tufo, as Chair of the New York State Thruway Authority, et al., Respondents.

Third Department, June 16, 1994

## APPEARANCES OF COUNSEL

*Hiscock & Barclay,* Albany *(Robert L. Adams* and *Catherine A. Rinaldi* of counsel), for appellant.

*G. Oliver Koppell, Attorney-General,* Albany *(Frank K. Walsh* and *Nancy A. Spiegel* of counsel), for Peter Tufo and another, respondents.

*Simpson Thacher & Bartlett,* New York City *(Thomas C. Rice* and *Laura J. Levine* of counsel), for Amtech Systems Corporation, respondent.

## OPINION OF THE COURT

PETERS, J.

In 1991, respondent New York State Thruway Authority joined with analogous agencies in New Jersey and Pennsylvania to form an interagency committee (hereinafter IAG) for the purpose of evaluating electronic toll collection systems which would be compatible among the three States. In connection therewith, the IAG issued a request for proposal (herein-

after RFP) for both "read-only" and "read-write" systems,[1] which was responded to by petitioner and respondent Amtech Systems Corporation (hereinafter respondent), among others. While both petitioner and respondent submitted proposals for a read-write system, only respondent submitted a proposal for a read-only system.

As a result of discussions among members of the IAG, the IAG decided to conduct further performance tests of the read-write systems proposed and to delay the implementation of this type of system. The Thruway Authority subsequently decided to install an interim read-only system, outside the parameters of the interagency procurement effort, pending the IAG's selection of a fully integrated read-write system which would eventually replace the read-only system. In accordance therewith, the Thruway Authority entered into a contract with respondent for the manufacture and installation of the interim read-only system.

Petitioner thereafter commenced this proceeding to preliminarily enjoin enforcement of the contract with respondent and preclude the Thruway Authority from entering into any contract for the implementation of an electronic toll collection system without first conducting public bidding pursuant to Public Authorities Law § 359. Petitioner further contended that this failure to publicly bid the contract was compounded by an apparent conflict of interest in violation of Public Officers Law § 73 on the part of respondent Peter Tufo, who was Chair of the Thruway Authority as well as managing director at Merrill Lynch, which holds substantial blocks of respondent's stock in its own account. In dismissing the petition, Supreme Court found, *inter alia,* that the subject contract was not governed by the public bidding requirement in Public Authorities Law § 359. Petitioner appeals.

■ Pursuant to Public Authorities Law § 359 (1), competitive public bidding is required with respect to work involving "the construction, reconstruction or improvement" of the Thruway. Although petitioner contends that the installation of an electronic toll collection system constitutes an "improvement" within the meaning of the above statute, we find the contract at issue more akin to a procurement contract for

---

1. A read-only system can identify a car according to a number programmed on a tag affixed to a windshield and is, therefore, feasible for toll barriers and bridges which collect a fixed toll. A read-write system registers the point of entry on the tag when the toll road is entered and then reads that information from the tag upon exiting the toll road.

goods or services governed by Public Authorities Law § 2879 which simply requires the selection of contractors on a "competitive basis" (Public Authorities Law § 2879 [3] [b] [i]).

The contract provides, *inter alia,* for the lease, with an option to purchase integrated readers and interrogators, associated software, reader cards, antennas and associated equipment.[2] The term of the agreement is for the earlier of two years or the implementation of the electronic toll collection equipment selected by the IAG.

As noted by Supreme Court, this Court in 1978 addressed the distinction between contracts for "construction, reconstruction or improvement" subject to the public bidding requirements of Public Authorities Law § 359 and contracts for the general procurement of goods *(see, Matter of Hanover Sand & Gravel v New York State Thruway Auth.,* 65 AD2d 860). In reviewing a contract to supply winter road abrasives for portions of the Thruway, we found that a contract to supply such abrasives was not for the "construction, reconstruction or improvement" of the Thruway as contemplated by Public Authorities Law § 359. Rather, we found that such contract more appropriately fell within the Thruway Authority's "otherwise unrestricted discretion 'to make contracts, and to execute all instruments necessary or convenient' to carry out its purposes" *(supra,* at 861, quoting Public Authorities Law § 354 [7]).[3] Hence, we found that the Thruway Authority's award of the contract without public bidding had a rational basis.

Our review of other public bidding statutes did not reveal a statutory definition of a highway "improvement" which could be used to ascertain the scope of such language in Public Authorities Law § 359 *(see, e.g.,* General Municipal Law § 103 [1]; State Finance Law § 144 [1]; Highway Law § 38). While petitioner urges an analogy to the definition of "improve-

---

**2.** A copy of the underlying contract was not provided to either petitioner or Supreme Court since it was executed with a request for confidentiality by respondent pursuant to Public Officers Law § 89 (5). Accordingly, despite petitioner's request for a copy thereof pursuant to the Freedom of Information Law, no such copy was provided.

**3.** Since such time, the Legislature enacted Public Authorities Law § 2879 (L 1983, ch 838, § 24) which established certain procedures for the Thruway Authority's exercise of discretion in the area of procurement contracts. Public Authorities Law § 2879 governs all procurement contracts, which are defined as contracts "for the acquisition of goods or services of any kind, in the actual or estimated amount of five thousand dollars or more" (Public Authorities Law § 2879 [2]).

ment" contained in Lien Law § 2 (4), we find that such would not buttress petitioner's position since such definition contemplates permanency *(see, e.g., Monroe Sav. Bank v First Natl. Bank,* 50 AD2d 314, *lv denied* 39 NY2d 708; *New York Artcrafts v Marvin,* 29 Misc 2d 774). Here, the Thruway Authority chose to implement an *interim* read-only electronic toll collection system for the purpose of increasing efficiency and cutting costs pending the IAG's adoption of a final integrated read-write system. Thus, while temporarily enhancing the efficiency of the toll collection system, it was clearly not intended to be permanent.

■ Addressing petitioner's next contention that Supreme Court erred in denying its request for an immediate trial pursuant to CPLR 7804 (h) due to factual issues raised concerning a conflict of interest on the part of Tufo, we find that Supreme Court correctly noted that Tufo serves as an uncompensated Chair of the Thruway Authority and is, therefore, exempt from the provisions of Public Officers Law § 73 *(see,* Public Officers Law § 73 [1] [i] [iv]). We further find that any other contentions raised concerning the motivation of Tufo in presenting this contract for approval are unsupported by the record and insufficient to require a trial.

■ As to the propriety of the award, we find that pursuant to Public Authorities Law § 2879, the Thruway Authority selected respondent through a competitive process by its use of the results of the RFP and previous evaluations of not only respondent's but also petitioner's read-only systems. The Thruway Authority further took into consideration respondent's record of successful toll collection operations in other parts of the United States and the compatibility of respondent's system with the Thruway Authority's operating and technical requirements. In view of the above, we find that the award of the contract to respondent has a rational basis and will be upheld *(see, Matter of NANCO Envtl. Servs. v Jorling,* 172 AD2d 1, 6, *lv denied* 80 NY2d 754; *American Totalisator Co. v New York State Dept. of Taxation & Fin.,* 80 AD2d 373, 377).

As to all other contentions raised by petitioner, we find them to be without merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur.

Ordered that the judgment is affirmed, without costs.