OPINION OF THE COURT
 

 Smith, J.
 

 In this proceeding, the issue is whether the New York State Thruway Authority was required to seek public bids, under Public Authorities Law § 359, for installation of a provisional electronic toll-collection service. Because the contract did not require public bidding, we affirm.
 

 In 1991, respondent New York State Thruway Authority (NYSTA) together with analogous agencies in New Jersey and Pennsylvania, formed an interagency committee (IAG) to evaluate electronic toll collection (ETC) systems which would be compatible among the three States. The IAG issued a request for proposals for both "read-only” and "read-write” systems. Read-only systems scan for information from a tag affixed to a vehicle windshield, similar to supermarket check-out scanners, and are designed generally for use on bridges and at toll barriers, where tolls are uniform. The read-write systems have the additional capability to register information onto the tag in the car, adjusting the account balance between entry and
 
 *5
 
 exit of the toll road. The read-write system is suitable for use where tolls are determined by entry and exit points on the Thruway. Petitioner AT/Comm, and respondent Amtech Systems, both ETC manufacturers, submitted proposals, as did others, for the contract to install ETCs at designated sites along the New York State Thruway. Petitioner and Amtech submitted proposals for a read-write system, but only Amtech submitted a proposal for a read-only system.
 

 In 1993 NYSTA, without public bidding, entered into a $1.7 million contract with Amtech for the manufacture and installation of an interim, read-only system. NYSTA installed the system, pending the IAG’s selection of a fully integrated read-write system which would eventually replace it. This system, known as the "E-ZPass” system, was installed pursuant to a contract for the shorter duration of either two years or the implementation of the read-write ETC selected by the IAG, with options for three one-year renewals by NYSTA.
 

 Petitioner commenced this CPLR article 78 proceeding by order to show cause seeking to enjoin enforcement of the contract between Amtech and NYSTA and to preclude NYSTA from entering into any contract for the implementation of an electronic toll collection system without first conducting public bidding pursuant to Public Authorities Law § 359. Supreme Court dismissed the petition, holding that the contract was not governed by public bidding requirements. The Appellate Division affirmed (200 AD2d 319), agreeing with Supreme Court that section 359 did not apply and that the contract was "more akin to a procurement contract for goods or services governed by Public Authorities Law § 2879 which simply requires the selection of contractors on a 'competitive basis’ ”
 
 (supra,
 
 at 321-322). This Court granted petitioner’s motion for leave to appeal.
 

 Petitioner contends that the electronic toll collection system installed by NYSTA constitutes an "improvement” of the Thruway within the meaning of Public Authorities Law § 359, thus mandating public bidding. Respondents Amtech and NYSTA counter that the contract for the installation of electronic equipment at selected toll barriers is not a contract for the "construction, reconstruction or improvement” of the Thruway and thus is not subject to the public bidding requirement of Public Authorities Law § 359.
 

 As a threshold matter, respondents Amtech and NYSTA argue that this proceeding is now moot. The contract provides
 
 *6
 
 that it expires at the earlier of either a two-year term or when the IAG implements another system. The contract has not yet expired and petitioner has sought to enjoin NYSTA from entering into any contract for an ETC absent public bidding. Nor has either party indicated that IAG has implemented another system. The issue is therefore not moot
 
 (see, Matter of Hearst Corp. v Clyne,
 
 50 NY2d 707, 713-714).
 

 Regarding the merits, the pertinent Public Authorities Law provision, section 359, is entitled, "Construction, reconstruction, and improvement” and applies to the New York State Thruway. Subdivision (1) requires that "[a]ll such work shall be done pursuant to a contract * * * which shall be let to the lowest responsible bidder, by sealed proposals publicly opened, after public advertisement”. Petitioner casts the contract entered between Amtech and NYSTA as one for "improvement” under section 359 (1). Petitioner’s interpretation is incorrect.
 

 There is a difference between improvements that require public bidding under section 359 and those that do not. Public Authorities Law § 359 requires public bidding where the work undertaken is for the construction, reconstruction or improvement of the actual road or passageway used for traffic. The aim of the E-ZPass system was not to improve the roadway but to improve the flow of traffic on it. Technological devices, predominantly electronic scanning equipment and computer hardware and software, readily removable, serve to enhance speedy toll collection. The E-ZPass system was more like a provision of goods and services than a physical improvement of the Thruway.
 

 As we held in
 
 Matter of Citiwide News v New York City Tr. Auth.
 
 (62 NY2d 464, 472) "competitive bidding requirements impose a substantial restriction upon the activities of public entities and must be extended no further than reasonably contemplated.” This standard is generally balanced against the theme of protecting against fraud, favoritism, corruption, extravagance, and improvidence in the awarding of public contracts
 
 (id).
 
 In
 
 Citiwide,
 
 we stressed the necessity of examining the " 'total character of the arrangement’ ” to determine whether the projects under review fall within the ambit of competitive bidding statutes
 
 (id.,
 
 at 472;
 
 see, Matter of Exley v Village of Endicott,
 
 51 NY2d 426, 431-432). Here, a similar approach is required.
 

 We agree with the prior courts that the contract here should be viewed as more similar to a "procurement” contract
 
 *7
 
 and that NYSTA’s determination was rational. Public Authorities Law § 2879 (2) describes a "procurement” contract as "any written agreement for the acquisition of goods or services of any kind, in the actual or estimated amount of five thousand dollars or more.” The contract here involves Am-tech’s service of providing NYSTA with an interim system in contemplation of a system to be implemented subsequently upon the recommendation of the IAG. The nature of the contract here, for goods and services, is more akin to a procurement contract. It involves equipment leased to NYSTA and expires either by the passage of time or action of the IAG, and attests to the soundness of an interpretation of section 359 as it relates to the facts here, that the contract does not involve "construction”, "reconstruction” or an "improvement” of the Thruway. Additionally, section 2879 requires "competitive” bidding as opposed to public bidding (Public Authorities Law § 2879 [3] [b] [i]). The selection process NYSTA used here easily meets that condition; NYSTA selected Amtech from several contenders who submitted proposals to the IAG.
 

 Notably, the term "thruway” is defined in the Public Authorities Law as follows:
 

 ’’The term 'thruway’ shall mean generally a divided highway under the jurisdiction of the authority for mixed traffic with access limited as the authority may determine and generally with grade separations at intersections, and such bridges, buildings, tunnels, and other structures and facilities related thereto as the authority may determine” (Public Authorities Law § 351 [2]).
 

 By this definition, it is apparent that the Legislature viewed the term "thruway” less broadly than petitioner here. The definition focuses generally upon physical structures — bridges, buildings, tunnels — and there is no mention of items more ephemeral in nature. Additionally, although only statutory interpretation is involved here and no deference, in the traditional sense, need be accorded NYSTA’s determination of what constitutes an "improvement” under the statute
 
 (see, Matter of Rosen v Public Empl. Relations Bd.,
 
 72 NY2d 42, 47-48;
 
 Matter of Town of Mamaroneck PBA v New York State Pub. Empl. Relations Bd.,
 
 66 NY2d 722, 724), the Legislature gave the Authority some power to determine what the term "thruway” encompasses (Public Authorities Law § 351 [2]).
 

 The Appellate Division, in
 
 Matter of Hanover Sand &
 
 
 *8
 

 Gravel v New York State Thruway Auth.
 
 (65 AD2d 860), ruled that winter road abrasives (sand and gravel) were not an "improvement” of the Thruway under section 359. The materials at use here, electronic readers, antennae, metal boxes, etc., are admittedly far afield of the abrasives discussed in
 
 Hanover,
 
 but, analytically, they are closer to that than the structures set forth in the section 351 definition. The abrasives, in a practical and broad sense, "improved” the Thruway. Yet, the Appellate Division correctly held that section 359 did not apply. The same rationale applies here. Undoubtedly patrons’ use of the Thruway will be "improved” by, among other things, the speed of access, the lack of fumbling for correct currency, and more accurate record-keeping, but the Thruway itself will not be "improved” in the more tangible fashion apparently contemplated by the Legislature. Additionally, given the rapid development of technology in the fields of electronics and data processing, the materials provided under this contract for goods and services may be fairly obsolete in a limited span of time. The bulky antennae, metal boxes and readers may soon be replaced by items no larger than the contemporary "beeper.” Such items should not be considered "improvements” under this statute.
 

 The public bidding requirement of section 359 is patterned after section 38 of the Highway Law
 
 (see,
 
 Mem of NY St Thruway Auth, 1954 McKinney’s Session Laws of NY, at 1498-1499). That statute also requires public bidding for "construction or improvement of a state highway” (Highway Law § 38) and, similarly, defines the term "highway” by reference to its more corporeal characteristics:
 

 "A highway within the meaning of this chapter shall be deemed to include necessary sluices, drains, ditches, waterways, embankments, retaining walls and culverts * * * and also the approaches of any bridge or culvert beginning at the back of the abutments. The pavement over any such bridge or culvert may also be included as a part of the highway provided such pavement is separated from such structure by an earth fill” (Highway Law § 2 [4]).
 

 There is no reference in Highway Law § 38 or Public Authorities Law § 359 to structures which are readily removable.
 

 Public Authorities Law § 359 governs construction, reconstruction, or improvements to the Thruway. The contract at
 
 *9
 
 issue here plainly does not address those criteria. It involves leased equipment and provides for maintenance services and even additional technical services if requested. A contract of this nature, contemplating an ongoing relationship with the vendor for elements involving computer software, equipment maintenance, and technical assistance, cannot be construed to fall within the ambit of section 359.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order affirmed, with costs.