■ CREOLE ENTERPRISES, INC., Appellant, v RUDOLPH GIU-LIANI, as Mayor of the City of New York, et al., Respondents. [653 NYS2d 576] —Order, Supreme Court, New York County (Louis York, J.), entered September 19, 1995, which, in a CPLR article 78 proceeding challenging respondent City's decision to sell two public radio stations, WNYC-AM and WNYC-FM, to respondent WNYC Foundation, insofar as appealed from, denied petitioner's motion for a preliminary injunction enjoining the sale, and granted respondent City's cross motion to dismiss the petition, unanimously affirmed, without costs.

The IAS Court correctly construed New York City Charter § 384, which requires competitive bidding in the sale of City-owned real property, as having no application to the instant sale of the WNYC radio stations (*see, Matter of AT/ Comm, Inc. v Tufo*, 86 NY2d 1, 6). Nor can the City's decision not to sell the radio stations to the highest bidder be found arbitrary and capricious given the City's discretionary power to sell the stations in any manner that best serves the public interest. As the IAS Court stated, while the public interest often means getting the highest price, it does not preclude consideration of other appropriate factors (citing, *inter alia, Matter of Mathalia Motors v City of Oneida*, 84 AD2d 637, *affd on opn at* 105 Misc 2d 843), including here, the irrefutable assurances by the purchaser Foundation that it would perpetuate the unique character and value of the radio stations by providing precisely the same non-commercial mix of programming as had been done for many years. Also proper was the summary rejection of petitioner's estoppel claims based on the assertion that the City had initially represented to petitioner that it would engage in a competitive bidding process and conduct public hearings before selling the radio stations, since the alleged misrepresentation, even if proven, cannot avail petitioner (*see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, *appeal dismissed* 488 US 801). We have considered petitioner's remaining contentions and find them to be without merit. Concur—

Milonas, J. P., Ellerin, Nardelli and Tom, JJ. *[See,* 167 Misc 2d 810.]